## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                          **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO. 19-910**

**TRAVELERS INSURANCE COMPANY,**
**BARBARA BROWN,**
**HUB INTERNATIONAL GULF SOUTH**                          **DEFENDANTS**

---

### CERTIFIED STATE COURT RECORD

---

STATE OF MISSISSIPPI

COUNTY OF HINDS

I, Zack Wallace, Clerk of the Circuit Court in and for said County and State hereby certify that the foregoing contains a whole, true and correct copy of Complete File as the same appears on file in my office, at Jackson, Mississippi.

Witness my hand and official Seal, this the _____19_____ day of June, 2019.

ZACK WALLACE
Clerk of the Circuit Court of Hinds County,
Mississippi

By:_____, D.C.

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                                    PLAINTIFF

VS                                                    CAUSE NO. _____ 19-910 _____

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                                              DEFENDANT

<u>COMPLAINT</u>

Comes this way is NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE to say unto this Court,

1. Niya Hopkins – Archie & David L. Archie live at 5852 Clubview Drive, Jackson Mississippi.
2. Travelers Insurance Co, has provided insurance coverage for the house since 2006.
3. Agent Barbara Brown never discussed then or now whether the pool was covered or how or weather additional coverage was available.
4. The residence was constructed in about 1977.
5. The house was purchased in about 2006.
6. The cleaning procedure was used trouble free  by David L. Archie for approximately ten years.
7. The pool rose hypothethetically caused by the manner suggested by the engineer.
8. The pool could have rose because of other causes.
9. The pool had a much lighter north wall than the other areas of the pool.
10. No one said that Mr. Archie should not continue cleaning his pool that way.
11. This was an acceptable way of cleaning the pool.
12. No one gave Mr. Archie instructions to not clean his pool in this way.
13. Since he did it this way for ten years, there was no reason to stop now.
14. The pool rose on March 19, 2016, it rained back on March 10 and March 11, 2016.
15. The pool was allowed to tear up the ground. Was there no coverage?
16. Why didn't someone come out and discuss the pool cleaning right before renewing the policy?
17. Why did no one come out to discuss any other alternate ways to clean the pool and do other things to the house?
18. Did you come to just make money on my overpriced insurance?
19. Why didn't some one tell me that if I cleaned my pool wrong, I would have no insurance?
20. Was there some other insurance which would take care of my pool if this same thing happened?

21. We cannot go outside into the back yard because of how it looks.

**WHEREFORE, PREMISES CONSIDERED,** I request that you do award any money for the pool or interest, attorneys fees, or Niya Hopkins – Archie & David L. Archie or punitive damages to be determined at trial.

Respectfully submitted,

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi  39211

## CERTIFICATE OF SERVICE

I , Niya Hopkins – Archie & David L. Archie, do hereby certify that I have this day delivered a true and correct copy of the foregoing **COMPLAINT** to the person(s) named below by any one of the following methods: Mail, or in court.

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi 39200-5950

TRAVELERS INSURANCE CO
P.O. BOX 681746
FRANKLIN, TH 37068

HUB INTERNATIONAL GULF SOUTH
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

BARBARA BROWN
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 105057
LAKISHA J. TATE
Commission Expires
July 10, 2022
RANKIN COUNTY

Case 25CO1-19-cv-00910-LCS   Document # 2-1   Filed: 03/08/2019   Page 1 of 2

**COVER SHEET**

**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court  Form AOC/01
Administrative Office of Courts  (Rev 2016)

| Court Identification Docket # | | |
|---|---|---|
| 2 5 1 | C O | Case Year: 2 0 1 9 | Docket Number: 9 1 0 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |

| 0 3 | 0 8 | 1 9 |
|---|---|---|
| Month | Date | Year |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the _County_  Court of _Hinds_  County —  Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  _Hopkins-Archie_   _Niya_
Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff

**Attorney (Name & Address)**   MS Bar No.
X Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:  _David L Aulino_

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual  _Travelers_
Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business  _Travelers Insurance Co. et al_
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known   MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Alcohol/Drug Commitment (Removal) | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Other | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | Adoption - Contested | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Adoption - Uncontested | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Consent to Abortion | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | [ ] Minor Removal of Minority | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Other | [ ] Partition |
| [ ] Modification | [ ] Other | **Civil Rights** | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Elections | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Expungement | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Habeas Corpus | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | [ ] Post Conviction Relief/Prisoner | [X] Bad Faith |
| [ ] UIFSA (eff 7/1/97, formerly URESA) | [ ] Conservatorship | [ ] Other | [ ] Fraud |
| [ ] Other | [ ] Guardianship | **Contract** | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Breach of Contract | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Installment Contract | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Insurance | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | [ ] Specific Performance | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Other | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | **Statutes/Rules** | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Bond Validation | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Removal) | [ ] Civil Forfeiture | [ ] Product Liability |
| | | [ ] Declaratory Judgment | [ ] Subrogation |
| | | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other | [ ] Other |

Case: 25CO1:19-cv-00910-LCS     Document #: 2-1     Filed: 03/08/2019     Page 2 of 2

IN THE _County_ COURT OF _Hinds_ COUNTY, MISSISSIPPI

_1st_ JUDICIAL DISTRICT, CITY OF _Jackson_

Docket No. _19_ - _910_     Docket No. If Filed
File Yr    Chronological No    Clerk's Local ID     Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** _Brown_ ___ _Barbara_ ___ ( _____ ) ____ ____
      Last Name          First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) ____ ____
      Last Name          First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _Hub International Gulf South_
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) ____ ____
      Last Name          First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                                    PLAINTIFF

VS                                                      CAUSE NO. _____19-910_____

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                                             DEFENDANT
                                          SUMMONS

THE STATE OF MISSISSIPPI

TO: BARBARA BROWN
    300 Concourse Blvd – Suite 300
    Ridgeland, MS 39157

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the COMPLAINT of
NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE, whose address is 5852 Clubview Drive, Jackson
Mississippi. Your response must be mailed within 30 Thirty days from the date of delivery of this
SUMMONS and COMPLAINT, OR A JUDGEMENT BY DEFAULT WILL BE ENTEREDAGAINST
YOU FOR THE MONEY or other things demanded in this COMPLAINT.

You must also file the original of your response with the clerk of the court.

Issued under my hand and seal of saidCourt, this the ___8th___ day of __March__ 2019.

ZACK WALLACE, CIRCUIT CLERK

By _____ D.C.

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                                    PLAINTIFF

VS                                                      CAUSE NO. ___19-910___

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                                             DEFENDANT

                              SUMMONS

THE STATE OF MISSISSIPPI

TO: HUB INTERNATIONAL GULF SOUTH
    300 Concourse Blvd – Suite 300
    Ridgeland, MS 39157

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the COMPLAINT of
NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE, whose address is 5852 Clubview Drive, Jackson
Mississippi. Your response must be mailed within 30 Thirty days from the date of delivery of this
SUMMONS and COMPLAINT, OR A JUDGEMENT BY DEFAULT WILL BE ENTEREDAGAINST
YOU FOR THE MONEY or other things demanded in this COMPLAINT.

You must also file the original of your response with the clerk of the court.

Issued under my hand and seal of saidCourt, this the ___8th___ day of ___March___ 2019.

ZACK WALLACE, CIRCUIT CLERK

By _____ D.C.

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                                    PLAINTIFF

VS                                          CAUSE NO. ___19-910___

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                                          DEFENDANT

SUMMONS

THE STATE OF MISSISSIPPI

TO: TRAVELERS INSURANCE COMPANY
    P.O. Box 681746
    Franklin, TN 37068

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the COMPLAINT of
NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE, whose address is 5852 Clubview Drive, Jackson
Mississippi. Your response must be mailed within 30 Thirty days from the date of delivery of this
SUMMONS and COMPLAINT, OR A JUDGEMENT BY DEFAULT WILL BE ENTEREDAGAINST
YOU FOR THE MONEY or other things demanded in this COMPLAINT.

You must also file the original of your response with the clerk of the court.

Issued under my hand and seal of saidCourt, this the ___8th___ day of __March__ 2019.



ZACK WALLACE, CIRCUIT CLERK

By _____ D.C.

COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **Niya Hopkins-Archie & David L. Archie,** | Civil Action No. 19-910 |
| Plaintiffs; | |
| v. | **Travelers' Answer and Defenses** |
| **The Travelers Insurance Company, Barbara Brown, HUB International Gulf South,** | |
| Defendants. | |

Defendant The Automobile Insurance Company of Hartford, Connecticut (improperly named as "The Travelers Insurance Company") submits the following in response to Plaintiffs Niya Hopkins-Archie and David L. Archie's Complaint.

## FIRST DEFENSE
### RULE 12(b)(6) MOTION TO DISMISS

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed under Mississippi Rule of Civil Procedure 12(b)(6) and other applicable law.

## SECOND DEFENSE
### RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs' Complaint is so vague/ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Plaintiffs' Complaint fails to satisfy pleading requirements under Mississippi Rules of Civil Procedure 8, 9, 10, and

other applicable law. Defendant moves for a more definite statement under Mississippi Rule of Civil Procedure 12(e) and other applicable law.

### THIRD DEFENSE

Defendant reserves each defense available to it under Mississippi Rule of Civil Procedure 12.

### FOURTH DEFENSE

The facts continue to develop, and Defendant pleads the following affirmative defenses potentially applicable to this action: Plaintiffs' failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and other matters constituting an avoidance or affirmative defense, including a defense or motion available to Defendant under Rule 12 of the Mississippi Rules of Civil Procedure like lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. In addition, Defendant reserves the right to assert all affirmative defenses that may be deemed applicable as discovery progresses.

## FIFTH DEFENSE

Without waiving the previous defenses specifically reasserted and reincorporated by reference or other defense, Defendant responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

1.  Defendant admits the allegations in Paragraph 1 of Plaintiffs' Complaint on information and belief.

2.  Defendant denies the allegations in Paragraph 2 of Plaintiffs' Complaint as stated. Defendant admits one or more Plaintiffs has been a policyholder since March 2006 on information and belief. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of Plaintiffs' Complaint and therefore denies them. In all other respects, Defendant denies the allegations in Paragraph 2 of Plaintiffs' Complaint

3.  Because the allegations in Paragraph 3 of Plaintiffs' Complaint are not directed at it, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 3 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant denies them.

4.  Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint on information and belief.

5.  Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint on information and belief.

6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint and therefore denies them.

7.   Because the allegations in Paragraph 7 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 7 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant denies them as stated. Defendant admits engineer Lawrence L. Wedderstrand of Rimkus Consulting Group, Inc., completed a report of findings dated 4/12/16. In addition, Defendant admits the report speaks for itself and denies all allegations in Paragraph 7 of Plaintiffs' Complaint which are contrary to its contents. In all other respects, Defendant denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.   Because the allegations in Paragraph 8 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 8 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant denies them.

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint and therefore denies them.

10.   Because the allegations in Paragraph 10 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 10 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint and therefore denies them.

11.   Because the allegations in Paragraph 11 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 11 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint and therefore denies them.

12.   Because the allegations in Paragraph 12 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 12 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint and therefore denies them.

13.   Because the allegations in Paragraph 13 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 13 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint and therefore denies them.

14.   Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint as stated. Defendant admits that one or more Plaintiffs reported the alleged loss at issue on 3/24/16 and that the Plaintiff who did so gave an estimated loss date of 3/19/16. In all other respects, Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.   Because the allegations in Paragraph 15 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 15 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint and therefore denies them.

16.   Because the allegations in Paragraph 16 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent

the allegations in Paragraph 16 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and therefore denies them.

17.   Because the allegations in Paragraph 17 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 17 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and therefore denies them.

18.   Because the allegations in Paragraph 18 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 18 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint and therefore denies them.

19.   Because the allegations in Paragraph 19 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent

the allegations in Paragraph 19 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and therefore denies them.

20.   Because the allegations in Paragraph 20 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 20 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint and therefore denies them.

21.   Because the allegations in Paragraph 21 of Plaintiffs' Complaint are so vague/ambiguous that Defendant cannot reasonably be expected to frame a responsive pleading, Defendant lacks an obligation to respond to them. To the extent the allegations in Paragraph 21 of Plaintiffs' Complaint could be construed adversely against Defendant or it does have an obligation to respond, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint and therefore denies them.

### UNNUMBERED PARAGRAPH BEGINNING WITH "WHEREFORE"

Defendant denies the allegations in the unnumbered paragraph beginning with the word "WHEREFORE" in Plaintiffs' Complaint. Defendant specifically denies that Plaintiffs are entitled to relief from it.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving another defense specifically reasserted and reincorporated by reference, Defendant asserts the following additional affirmative and other defenses. But Defendant does not allege or admit that it has the burden of proof or persuasion regarding them or otherwise relieve Plaintiffs of the burden to prove each element of the claims and damages alleged in Plaintiffs' Complaint.

### FIFTH DEFENSE

Defendant specifically denies: (1) an allegation in Plaintiffs' Complaint not otherwise responded to above, (2) each material allegation in the Complaint by which Plaintiffs seek to impose liability, and (3) all responsibility for the alleged damages asserted in it.

### SIXTH DEFENSE

Defendant reserves the right to assert that the failure to comply with conditions precedent, conditions subsequent, or both bars Plaintiffs' claims. In addition, Defendant reserves the right to assert as a defense all policy provisions addressing loss-settlement conditions that were or have not been met

### SEVENTH DEFENSE

Defendant's adjustment of Plaintiffs' insurance claims is according to the terms and conditions of Plaintiffs' insurance policy. Plaintiffs' insurance policy is Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17. Defendant specifically refers to and incorporates by reference the copy of that policy attached as *Exhibit 1*.

### EIGHTH DEFENSE

The insurance policy at issue—Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17—bars Plaintiffs' requested relief and recovery. Defendant specifically refers to and incorporates by reference the copy of that policy attached as *Exhibit 1*.

### NINTH DEFENSE

Defendant affirmatively pleads, invokes, and asserts all applicable provisions, protections, rights, remedies, privileges, and defenses available to it under the insurance policy at issue: Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17. The policy speaks for itself regarding whether coverage exists and otherwise. Defendant specifically refers to and incorporates by reference the copy of that policy attached as *Exhibit 1*.

### TENTH DEFENSE

The terms, conditions, and obligations of Plaintiffs' insurance policy—Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17—bind Plaintiffs. Defendant specifically refers to and incorporates by reference the copy of that policy attached as *Exhibit 1*. Defendant reserves the right to amend this answer and defenses to assert a policy exclusion, condition, or provision to which it may be entitled to allege as a defense.

### ELEVENTH DEFENSE

Defendant reserves the right to assert doctrines of waiver and estoppel bar Plaintiffs' claims.

### TWELFTH DEFENSE

Defendant affirmatively pleads the doctrines of imputed knowledge and a duty to read.

### THIRTEENTH DEFENSE

Defendant affirmatively pleads and alleges that legitimate, arguable, and substantial reasons exist for the actions taken by it in responding to Plaintiffs' claims.

### FOURTEENTH DEFENSE

Defendant observed and discharged each contractual or other duty required of it by law and due care, and Defendant fulfilled every contractual or legal obligation to Plaintiffs.

### FIFTEENTH DEFENSE

At all relevant times, Defendant acted in good faith and dealt fairly with Plaintiffs. At no time did Defendant commit an act of bad faith or tortious conduct.

### SIXTEENTH DEFENSE

To the extent they are unrelated to the accident or result from a preexisting medical condition, injury, disease, damage, lesion, or illness, Plaintiffs are not entitled to recover for those injuries or damages from Defendant.

### SEVENTEENTH DEFENSE

To extent Plaintiffs seek recovery for mental anguish or emotional distress, Defendant denies Defendant has been guilty of conduct that would allow those damages to be recovered.

### EIGHTEENTH DEFENSE

A claim by Plaintiffs for noneconomic damages is subject to monetary limitations imposed by Section 11-1-60(2)(b) of the Mississippi Code of 1972, Annotated.

### NINETEENTH DEFENSE

Defendant reserves the right to assert Plaintiffs' alleged damages wholly or partly resulted from Plaintiffs' own negligence.

### TWENTIETH DEFENSE

To the extent Plaintiffs' own acts or omissions solely and proximately caused their alleged damages, Defendant is not liable and reserves the right to assert Plaintiffs' contributory fault at trial.

### TWENTY-FIRST DEFENSE

To the extent Plaintiffs' alleged damages resulted solely and proximately from someone else's act, omission, conduct, cause, condition, or occurrence, Defendant is neither liable nor responsible for those alleged damages.

### TWENTY-SECOND DEFENSE

To the extent an act or omission of Plaintiffs or of another person, entity, party, or nonparty was an independent, superseding, or intervening cause of Plaintiffs' alleged damages, Defendant is not liable.

### TWENTY-THIRD DEFENSE

Defendant denies that it can be held jointly liable for alleged acts, omissions, or other conduct by another person, entity, party, or nonparty.

### TWENTY-FOURTH DEFENSE

Defendant asserts, pleads, and invokes all rights and laws afforded under the session laws from House Bill 19 of the Mississippi Legislature's 2002 Third Extraordinary Session and House Bill 13 of the Mississippi Legislature's 2004 First Extraordinary Session. H.B. 19, 2002 Leg., 3rd Ex. Sess. (Miss. 2002); H.B. 13, 2004 Leg. 1st Ex. Sess. (Miss. 2004).

### TWENTY-FIFTH DEFENSE

Defendant denies that Plaintiffs are entitled to recover in this lawsuit. But if Plaintiffs are entitled to recover in this lawsuit, Defendant pleads the provisions of Section 85-5-7 of the Mississippi Code of 1972, Annotated. A recovery against Defendant must be limited according to those provisions.

### TWENTY-SIXTH DEFENSE

Doctrines of contributory and comparative negligence by Plaintiffs prevent Plaintiffs from recovering in this lawsuit. In the event contributory negligence of Plaintiffs or anyone else partly or wholly caused Plaintiffs' alleged damages, the amount of recoverable damages must be diminished according to respective degrees of fault. Defendant affirmatively pleads and invokes all provisions of Section 11-7-15 of the Mississippi Code of 1972, Annotated.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads that Plaintiffs' alleged damages partly or wholly resulted from events, occurrences, reasons, or conditions prior to the two dates of loss claimed by Plaintiffs.

### TWENTY-EIGHTH DEFENSE

Defendant pleads the doctrine of comparative fault. In addition, Defendant is entitled to a credit or setoff against damages alleged in Plaintiffs' Complaint for a settlement or other sum paid to Plaintiffs or on behalf of Plaintiffs in connection with Plaintiffs' alleged damages.

### TWENTY-NINTH DEFENSE

Defendant affirmatively pleads all rights of indemnity and contribution, whether by contract or common law, against a party or nonparty.

### THIRTIETH DEFENSE

Because there was no breach of contract or independent tort of "bad faith" committed by Defendant, Plaintiffs cannot recover contractual, extracontractual, or punitive damages from or against Defendant.

### THIRTY-FIRST DEFENSE

Plaintiffs' Complaint fails to specifically allege any facts which would warrant the imposition of punitive damages. In the event the Court determines this position is incorrect and decides to permit jury consideration of the issue of punitive damages, then Defendant respectfully invokes the full provisions of Section 11-1-65 of the Mississippi Code of 1972, Annotated, and further requests bifurcation of the

issues of liability and compensatory damages from the issue of punitive damages as provided by under them.

## THIRTY-SECOND DEFENSE

Although denying Plaintiffs are entitled to punitive damages or any relief whatsoever, to the extent Plaintiffs are seeking punitive damages, Defendant affirmatively pleads that:

1.  Plaintiffs' claim for punitive damages against Defendant has no basis in law or fact;

2.  Punitive damages are not recoverable because the allegations of Plaintiffs' Complaint are insufficient to support a claim for punitive damages against Defendant;

3.  An award of punitive damages in this civil action would amount to a depravation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi;

4.  An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi;

5.  The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and therefore violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

6.    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi;

7.    An award of punitive damages in this civil action would violate the equal protection provisions of the Fourteenth Amendment to the United States Constitution in that such a sanction is discriminatory and arbitrary in penalizing Defendant on the basis of assets;

8.    To the extent that Defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose them should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording Defendant the full range of criminal procedural safeguards afforded by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

9.    An award of punitive damages would violate Article I, Section 10 of the United States Constitution; and

10.    The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution, common law, and statutory law of the State of Mississippi.

## THIRTY-THIRD DEFENSE

To the extent Plaintiffs have made a claim for punitive damages, Defendant asserts all rights, benefits, and privileges to which it is entitled according to the United States Supreme Court's opinion in the case styled *State Farm Mutual Auto Insurance Company v. Campbell* and numbered 01-1289 on its docket.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs relied on an alleged statement or representation, Plaintiffs' reliance was unjustified and unreasonable.

### THIRTY-FIFTH DEFENSE

Plaintiffs have a duty and obligation to mitigate damages. If Plaintiffs have failed or refused to mitigate alleged damages, Plaintiffs are barred from recovering damages that resulted from that failure or refusal to mitigate.

### THIRTY-SIXTH DEFENSE

The doctrine of payment bars Plaintiffs' claims. Upon a determination that Plaintiffs have made a form of recovery by way of judgment, settlement, or otherwise for part or all of Plaintiffs' alleged damages, then Defendant claims the benefit of that recovery or relief by setoff, payment, credit, recoupment, accord, satisfaction, or otherwise.

### THIRTY-SEVENTH DEFENSE

In the event Defendant is liable to Plaintiffs, Plaintiffs cannot recover the amount Defendant has already paid or will pay. Defendant affirmatively pleads the doctrine of accord and satisfaction and is entitled to a setoff or credit as to sums previously paid or to be paid to Plaintiffs.

### THIRTY-EIGHTH DEFENSE

Defendant affirmatively pleads and alleges all applicable express terms, limitations, exclusions, and conditions of Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17, including the following:

Answer and Defenses
Page 17 of 21

## SECTION I – EXCLUSIONS

WE DO NOT COVER LOSS RESULT-
ING DIRECTLY OR INDIRECTLY
FROM:

. . . .

3. **WATER DAMAGE**, MEANING:

   a. FLOOD, SURFACE WATER,
      WAVES, WAVE WASH TIDAL
      WATER, OVERFLOW OF A
      BODY OF WATER, OR SPRAY
      FROM ANY OF THESE,
      WHETHER OR NOT A RE-
      SULT OF PRECIPITATION;
      OR DRIVEN BY WIND;

   b. WATER

      (1)  WHICH BACKS UP
           THROUGH SEWERS
           AND DRAINS;
      (2)  WHICH OVERFLOWS
           FROM A SUMP; OR

   c. WATER BELOW THE SUR-
      FACE OF THE GROUND, IN-
      CLUDING WATER:

      (1)  WHICH EXERTS PRES-
           SURE ON, OR SEEPS
           OR LEAKS THROUGH
           A BUILDING, DRIVE-
           WAY, ROADWAY,
           WALKWAY, PAVE-
           MENT, FOUNDATION,
           SPA, HOT TUB, SWIM-
           MING POOL OR
           OTHER STRUCTURE;
      (2)  WHICH CAUSES
           EARTH MOVEMENT.

HO-3 (06-91) *Ex. 1* at 10.

## HO-300 MS (09-12)

**THIS ENDORSEMENT CHANGES
THE POLICY. PLEASE READ IT
CAREFULLY.**

**SPECIAL PROVISIONS – MIS-
SISSIPPI**

. . . .

## SECTION I – EXCLUSIONS

The first paragraph of this section is
deleted and replaced by the following:

We do not cover any direct or indirect
loss or damage caused by, resulting
from, contributing to or aggravated by
any of these excluded perils. Loss from
any of these perils is excluded regard-
less of any other cause or event con-
tributing concurrently or in any se-
quence to the loss.

These exclusions apply whether or not
the loss event:

(1)  Results in widespread damage;
(2)  Affects a substantial area; or
(3)  Occurs gradually or suddenly.

These exclusions also apply whether or
not the loss event arises from:

(1)  Any acts of nature;
(2)  Any human action or inaction;
(3)  The forces of animals, plants or
     other living or dead organisms;
     or
(4)  Any other natural or artificial
     process.

. . . .

3. **Water Damage** is deleted and replaced by the following:

3. **Water Damage**, meaning;

    **a.** Flood, surface water, ground water, storm surge, waves, wave wash, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, whether or not a result of precipitation or driven by wind;

    **b.** Any water or water borne material that enters through or backs up from a sewer or drain, or which discharges or overflows from a sump, sump pump or related equipment;

    **c.** Any water or water borne material located below the surface of the ground including water or water borne material:

        **(1)** Which exerts pressure on, seeps, leaks or flows into:

            **(a)** Any part of the dwelling or other structures;
            **(b)** The foundation of the dwelling or other structures;
            **(c)** Any paved surface located on the "residence premises"; or
            **(d)** Any spa, hot tub, or swimming pool.

        **(2)** Which causes earth movement; or

HO-300 MS (09-12) Ex. 1 at 1–2.

### THIRTY-NINTH DEFENSE

Defendant reserves the right to allege other potentially applicable express terms, limitations, exclusions, and conditions of Homeowners Policy No. 979341038 633 1 bearing an effective policy period of 3/14/16–3/14/17.

### FORTIETH DEFENSE

If any other additional defense is available, becomes available, appears during discovery, results from discovery, or develops through investigation, Defendant gives notice that it intends to rely on that defense and reserves the right to amend this answer and defenses to assert it.

## FORTY-FIRST DEFENSE

In the event Defendant failed to address an allegation in Plaintiffs' Complaint that would render it liable to Plaintiffs whatsoever, all allegations not specifically admitted within this answer and defenses are denied. In addition, if Defendant failed to assert an affirmative defense, it specifically reserves the right to amend this answer and defenses to include it.

## CONCLUSION

Therefore, having fully answered the allegations in Plaintiffs' Complaint and asserted defenses, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint and tax all costs against Plaintiffs. In addition, Defendant requests other similar relief the Court might decide is appropriate under the circumstances.

Respectfully submitted,

**Defendant The Automobile Insurance Company of Hartford, Connecticut (improperly named as "The Travelers Insurance Company")**

Dated: 4/10/19

s/ Blake D. Smith
Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200
F+601.856.7626
drussell@ccb.com
bsmith@cctb.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Blake D. Smith, certify that on April 10, 2019, I electronically filed a true and

correct copy of the previous document with the county court using the MEC system and

that I sent a true and correct copy of it to the following non-MEC participants by U.S.

mail and U.S. certified mail, return receipt requested:

> Niya Hopkins–Archie
> David L. Archie
> 5852 Clubview Drive
> Jackson, MS 39211
> *Plaintiffs (pro se)*

Blake D. Smith _____
Blake D. Smith

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**　　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　　　　　　　　　**CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**　　　**DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### MOTION TO DISMISS

　　　Defendant, Barbara Brown ("Brown"), moves the Court to dismiss the Complaint filed in this action pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure.  As grounds in support of said Motion, Brown would show the Court as follows:

　　　1.　　　Rule 8(a), Mississippi Rules of Civil Procedure requires a complaint to set forth "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ."

　　　2.　　　The Complaint in this action, a true and correct copy of which is attached hereto as Exhibit "A", does not contain a plain statement of the claim showing the pleader is entitled to any relief against Brown.  The Complaint sets forth a number of statements and a number of questions. However, the Complaint does not set forth any relationship between Plaintiffs and Brown which would have created any duty flowing from Brown to the Plaintiffs with respect to a swimming pool.

　　　3.　　　Brown cannot determine what causes of action are being asserted against her and for what reasons.  Without knowing the causes of action being pleaded against her and/or some basis therefor, Brown cannot identify all appropriate defenses to be asserted in response to the Complaint.

4.      While the Complaint does request relief in the form of money and/or punitive damages, there are no allegations in the Complaint to support why the Plaintiffs would be entitled to any money damages or punitive damages from Brown.

5.      In short, the Complaint is woefully deficient and fails to comply with Rule 8(a) and 8(e), Mississippi Rules of Civil Procedure.

6.      The Complaint fails to state a claim or cause of action upon which relief can be granted and should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, Barbara Brown, respectfully requests that the Court dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure.

Respectfully submitted, this the 11th day of April, 2019.

BARBARA BROWN

By:  */s/ David A. Barfield*
David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

### CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
**Plaintiffs**

So certified, this the 11th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4825-7046-7475, v. 1

### IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                    **PLAINTIFFS**

**V.**                                                       **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**                     **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### <u>MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</u>

Defendant, Barbara Brown ("Brown"), by and through undersigned counsel, and in support of her Motion to Dismiss pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure, would show unto the Court the following:

Brown was served with Plaintiffs' Complaint.  The Complaint utterly fails to state a claim or cause of action against Defendant, Brown.

Rule 8(a), Mississippi Rules of Civil Procedure, provides that a pleading which sets forth a claim for relief. . . "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ."

The Complaint in this case simply consists of a list of statements and a list of questions. There are no allegations in the Complaint which would create any legal duty to the Plaintiffs which is alleged to have been breached by Brown.  The Complaint does not set forth a cause of action against Brown.  Defendant has no idea what the alleged cause of action against her might be and, therefore, cannot identify what defenses should be asserted in this action.

Although Rule 8 no longer requires technical form of pleadings, notice pleadings must still place a party on notice of the claim asserted. *Estate of Stevens v. Wetzel*, 762 So.2d 293 (Miss.

2000). The Complaint in this action is akin to the complaint in *Sladen v. Hansford*, 815 So.2d 471 (Miss. Ct. App. 2002), wherein the plaintiff's complaint alleging that he was assaulted while on the defendant's property was not sufficient to provide notice of a negligence cause of action.

While Plaintiffs' Complaint does make a claim for relief in the form of a money judgment and/or for punitive damages, the Complaint fails to state any grounds for such relief as against Brown. Rule 8 is satisfied when the pleadings give notice of the grounds for relief. *McClain v. Westside Bone & Joint Center*, 656 So.2d 119 (Miss. 1995).

The Complaint does not put Brown on fair notice of what claim or causes of action are being asserted against her, therefore making it impossible for her to identify what defenses might apply. Although facts in complaints do not have to be stated in detail, it is necessary to state enough facts to put the other party on fair notice of the basis of the claim. *Hester v. Bandy*, 627 So.2d 833 (Miss. 1993).

While requiring a short and plain statement of the claim, Rule 8 does not eliminate the necessity of showing all circumstances which support the claim. *Parker v. Mississippi Game and Fish Commission*, 555 So.2d 725 (Miss. 1989). Here, the Complaint does not set forth any circumstances which would support any claim against Brown.

Brown does not know whether a claim is being made against her for negligence, breach of contract, or any other cause of action. A pleading must give notice of the claim which will be offered at trial rather than stating facts or narrowing issues. *Independent Life & Accident Ins. Co. v. Peavy*, 528 So.2d 1112 (Miss. 1988). A complaint should set out the elements of the offense. *Comic Delta, Inc. v. Pate Stevador Co. of Pascagoula, Inc.*, 521 So.2d 857 (Miss. 1988). Further, a complaint must set forth sufficient facts to support a cause of action. *Surrette v. B&M Building Supply*, 441 So.2d 551 (Miss. 1983). Here, there are no facts to establish any relationship or legal

duty of Brown to instruct the Plaintiffs on how to clean their swimming pool or any other matter which is set forth in the purported Complaint.

WHEREFORE, PREMISES CONSIDERED, as stated hereinabove, the Complaint filed in this matter fails to state a claim or cause of action against Defendant, Barbara Brown, upon which relief can be granted.   Accordingly, Brown respectfully requests that the Court dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure.

Respectfully submitted, this the 11th day of April, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

3

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
*Plaintiffs*

So certified, this the 11th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4832-4037-6979, v. 1

4

**Full docket text for document 9:**
DOCKET ANNOTATION as to [7] : ATTORNEY REFILING WITH ATTACHMENTS. (MG)

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/19/2019 10:32:07 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | bs103255M | **Client Code:** | 400-1041 |
| **Description:** | History/Documents | **Search Criteria:** | 25CO1:19-cv-00910-LCS |
| **Billable Pages:** | 1 | **Cost:** | 0.20 |

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                                **PLAINTIFFS**

**V.**                                                                    **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**                                  **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### MOTION TO DISMISS

Defendant, Barbara Brown ("Brown"), moves the Court to dismiss the Complaint filed in this action pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure.  As grounds in support of said Motion, Brown would show the Court as follows:

1.      Rule 8(a), Mississippi Rules of Civil Procedure requires a complaint to set forth "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ."

2.      The Complaint in this action, a true and correct copy of which is attached hereto as Exhibit "A", does not contain a plain statement of the claim showing the pleader is entitled to any relief against Brown.  The Complaint sets forth a number of statements and a number of questions.  However, the Complaint does not set forth any relationship between Plaintiffs and Brown which would have created any duty flowing from Brown to the Plaintiffs with respect to a swimming pool.

3.      Brown cannot determine what causes of action are being asserted against her and for what reasons.  Without knowing the causes of action being pleaded against her and/or some basis therefor, Brown cannot identify all appropriate defenses to be asserted in response to the Complaint.

4.      While the Complaint does request relief in the form of money and/or punitive damages, there are no allegations in the Complaint to support why the Plaintiffs would be entitled to any money damages or punitive damages from Brown.

5.      In short, the Complaint is woefully deficient and fails to comply with Rule 8(a) and 8(e), Mississippi Rules of Civil Procedure.

6.      The Complaint fails to state a claim or cause of action upon which relief can be granted and should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, Barbara Brown, respectfully requests that the Court dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6), Mississippi Rules of Civil Procedure.

Respectfully submitted, this the 11th day of April, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
**Plaintiffs**

So certified, this the 11th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4825-7046-7475, v. 1

Case: 25CO1:19-cv-00910-LCS    Document #: 10-1    Filed: 04/11/2019    Page 1 of 2

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                                    PLAINTIFF

VS                                                          CAUSE NO. __19-910__

TRAVELERS INSURANCE COMPANY,                    **F I L E D**
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                    MAR 08 2019        DEFENDANT

                                    COMPLAINT        ZACK WALLACE, CIRCUIT CLERK
                                                    BY_____D.C.

        Comes this way is NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE to say unto this Court,

1.  Niya Hopkins – Archie & David L. Archie live at 5852 Clubview Drive, Jackson Mississippi.

2.  Travelers Insurance Co, has provided insurance coverage for the house since 2006.

3.  Agent Barbara Brown never discussed then or now whether the pool was covered or how or
    weather additional coverage was available.

4.  The residence was constructed in about 1977.

5.  The house was purchased in about 2006.

6.  The cleaning procedure was used trouble free  by David L. Archie for approximately ten years.

7.  The pool rose hypothethetically caused by the manner suggested by the engineer.

8.  The pool could have rose because of other causes.

9.  The pool had a much lighter north wall than the other areas of the pool.

10. No one said that Mr. Archie should not continue cleaning his pool that way.

11. This was an acceptable way of cleaning the pool.

12. No one gave Mr. Archie instructions to not clean his pool in this way.

13. Since he did it this way for ten years, there was no reason to stop now.

14. The pool rose on March 19, 2016, it rained back on March 10 and March 11, 2016.

15. The pool was allowed to tear up the ground. Was there no coverage?

16. Why didn't someone come out and discuss the pool cleaning right before renewing the policy?

17. Why did no one come out to discuss any other alternate ways to clean the pool and do other
    things to the house?

18. Did you come to just make money on my overpriced insurance?

19. Why didn't some one tell me that if I cleaned my pool wrong, I would have no insurance?

20. Was there some other insurance which would take care of my pool if this same thing happened?

EXHIBIT "A"

21. We cannot go outside into the back yard because of how it looks.

**WHEREFORE, PREMISES CONSIDERED,** I request that you do award any money for the pool or

interest, attorneys fees, or Niya Hopkins – Archie & David L. Archie or punitive damages to be

determined at trial.

Respectfully submitted,

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi  39211

### CERTIFICATE OF SERVICE

I , Niya Hopkins – Archie & David L. Archie, do hereby certify that I have this day delivered a

true and correct copy of the foregoing **COMPLAINT** to the person(s) named below by any one of the

following methods: Mail, or in court.

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi 3921

TRAVELERS INSURANCE CO
P.O. BOX 681746
FRANKLIN, TH 37068

HUB INTERNATIONAL GULF SOUTH
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

BARBARA BROWN
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 105057
LAKISHA J. TATE
Commission Expires
July 10, 2022
RANKIN COUNTY

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE**
**& DAVID L. ARCHIE**                                                      **PLAINTIFFS**

**VS.**                                                      **CIVIL ACTION NO. 19-910**

**TRAVELERS INSURANCE COMPANY,**
**BARBARA BROWN AND HUB**
**INTERNATIONAL GULF SOUTH**                                            **DEFENDANTS**

---

### NOTICE OF APPEARANCE

---

Dale G. Russell of the law firm of Copeland, Cook, Taylor & Bush, P.A., 600 Concourse, Suite 100, 1076 Highland Colony Parkway, Ridgeland, Mississippi, 39157, hereby enters his appearance as one of the attorneys of record for the Defendant Travelers Insurance Company.

THIS, the 12th day of April, 2019.

Respectfully submitted,

TRAVELERS INSURANCE COMPANY

BY:   /s/ *Dale G. Russell*
DALE G. RUSSELL (MSB#10837)
BLAKE D. SMITH (MSB#103255)
ATTORNEYS FOR DEFENDANT

OF COUNSEL:
**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.:   (601) 856-7200
Facsimile No.:   (601) 856-7626
drussell@cctb.com
bsmith@cctb.com

## CERTIFICATE OF SERVICE

I, Dale G. Russell, counsel for Defendant, certify that on the 12th day of April, 2019, a true and correct copy of the previous document was served via United States mail, postage prepaid, to the following:

Niya Hopkins-Archie
David L. Archie
5852 Clubview Drive
Jackson, MS 39211
*Plaintiffs (pro se)*

/s/ Dale G. Russell
Dale G. Russell

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                    **PLAINTIFFS**

**V.**                                                       **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**                     **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### NOTICE OF HEARING

Please take notice that Defendant, Barbara Brown will bring her Motion to Dismiss [Doc.

10] and Memorandum of Authorities in Support of Motion to Dismiss [Doc. 8] on for hearing

before the Honorable LaRita Cooper-Stokes, on Thursday, May 23, 2019, at 9:30 a.m. at the Hinds

County Courthouse, Jackson, Mississippi.

Respectfully submitted, this the 12th day of April, 2019.

BARBARA BROWN

By:  */s/ Lara Ashley Coleman*
      Lara Ashley Coleman, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## <u>CERTIFICATE OF SERVICE</u>

     I, Lara Ashley Coleman, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
***Plaintiffs***

Dale G. Russell, Esq. (MSB# 10837)
drussell@cctb.com
Blake D. Smith, Esq. (MSB# 103255)
bsmith@cctb.com
Copeland, Cook, Taylor & Bush, P.A.
P. O. Box 6020
Ridgeland, MS  39158
***Attorneys for Defendant, Travelers Insurance Company***

     So certified, this the 12th day of April, 2019.

                                    */s/ Lara Ashley Coleman*
                                      Lara Ashley Coleman

4841-7343-0164, v. 1

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE
AND DAVID ARCHIE                                        PLAINTIFFS

VS.                              CIVIL ACTION NO: 19-910

TRAVELERS INSURANCE COMPANY
BARBARA BROWN and
HUB INTERNATIONAL GULF SOUTH                   DEFENDANTS

### PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT MRCP RULE 14

COMES NOW the Plaintiffs, Niya Hopkins-Archie and David Archie, and files this their Motion To Allow them to file an Amended Complaint, in the form as hereto attached to this Motion as Exhibit "A". and incorporated herein by reference and in support thereof would show that the filing of an Amended Complaint is necessary and in the interest of equity and justice and judicial economy.

That the Defendants herein have not filed an Answer to the Complaint previously filed in this Cause; and has filed Motions to Dismiss due to the nature of the Plaintiff's original Complaint; and Under Rule 14, M.R.C.P., the Plaintiffs are entitled to file their Amended Complaint.

WHEREFORE, Plaintiffs pray that upon consideration of this Motion To Amend Complaint; the Court will enter its Order granting Plaintiff to file their Amended Complaint in the form attached hereto as Exhibit "A" and incorporated herein by reference.

This the 18 day of April, 2019.

DAVID ARCHIE     NIYA HO[KIN ARCHIE

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE
AND DAVID ARCHIE                                        PLAINTIFFS

VS.                               CIVIL ACTION NUMBER:  19-910

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN and                                      DEFENDANTS
HUB INTERNATIONAL GULF SOUTH

## AMENDED COMPLAINT

COMES NOW, Plaintiffs, NIYA HOPKINS-ARCHIE and David
Archie, husband and wife, and files this their Amended Complaint
against each of the Defendants as follows, to-wit:

## PARTIES

1.  Plaintiffs, Niya Hopkins-Archie and David Archie are
husband and wife and are adult resident citizens of the State of
Mississippi; their residence is located at 5852 Clubview Drive,
Jackson, Mississippi, which is located in the First Judicial
District of Hinds County, Mississippi.

2.  Travelers Insurance Company is a Nationwide Insurance
Company through the United States of America and does business
throughout the State of Mississippi, and has one of it's agent
and offices located at 300 Concourse Blvd. , Suite 300, Ridgeland,
Mississippi; that Travelers Insurance Company maintains their
Offices at P.O. Box 681746, Franklin, Tennessee 37068; and that
process of this Court may be served upon them pursuant to the

Exhibit "A"

Laws of the State of Mississippi.

The Defendant, Barbara Brown, is an agent of Travelers Insurance Company, and that she is an adult resident citizen of the State of Mississippi; that service of process of this Court may be served upon Defendant, Barbara Brown by serving her at her place of employment located at 300 Concourse Blvd. Suite 300, Ridgeland, Mississippi.

The Defendant, HUB INTERNATIONAL GULF SOUTH, is a commerical business doing business in the First Judicial District of Hinds County, Mississippi, and that service of process of this Court may be served upon this Defendant by serving the Defendant at 300 Concourse Blvd., Suite 300, Ridgeland, Mississippi.

## FACTS

3. That the Plaintiffs, NIYA HOPKINS-ARCHIE and David Archie, are husband and wife, and that they purchased a home located at 5852 Clubview Drive, Jackson, Mississippi in 2006. That the house purchased by the Plaintiffs had a swimming pool at the time the house was purchased by the Plaintiffs.

4. The Plaintiffs would show, that at the time of the purchase of their home at 5852 Clubview Drive, Jackson, Mississippi, they purchase a policy of home insurance from agent, Barbara Brown whose offices is located at 300 Concourse Blvd. Ridgeland, Miss-issippi; that the Defendant, Barbara Brown, provided the Plaintiffs

Niya Hopkins-Archie and David Archie with a policy of home insurance provided by Travelers Insurance Company, Policy Number No:            beginning in 2006 and continue to remain in effect through the year 2019; and was in effect at the time the Plaintiffs suffered damage to their property.

5.  The Plaintiffs would show unto the Court, that on or about March 19, 2016, the Plaintiff's swimming pool rose out of the ground, and fell apart and is completely destroyed and can not be repaired, and the only alternative is to have a new swimming pool installed at the Plaintiff's home at 5852 Clubview Drive Jackson, Mississippi, which is located in the First Judicial District of Hinds County, Mississippi.

6.  The Plaintiffs would show unto the Court, that he and his wife contacted their insurance agent, Barbara Brown immediately after March 19, 2016 and advised her of the damage to their **property** and the damages to their swimming pool.

7.  The Plaintiffs were advised by their agent, Barbara Brown, to file a claim and that she would contact the Travelers Insurance Company, and advise them of their loss.

8.  THat thereafter, an agent of Travelers Insurance Company contacted the Plaintiffs and made an investigation and took photos of the damaged swimming pool; and advised the Plaintiffs that they would get back in touch with them.

9.   Between March 19, 2016 and the present date, the Plaintiffs has made neumerous telephone calls to their agent Barbara Brown and Travelers Insurance Company concerning their replacement of their swimming pool and property damages.

10.   The Plaintiffs would show that both Barbara Brown and Travelers Insurance Company, has continually mis-informed and delayed in having the Plaintiff's claim for damages to their swimming pool repaired and or replaced. That they have delayed having their pool repaired or replace under the terms and provisions of their insurance policy.

11.   The Plaintiffs were thereafter on or about advised by the adjuster for Travelers Insurance Company, that they did not have insurance coverage on their swimming pool, and that the Travelers Insurance Company was not going to repair or replace the Plaintiffs swimming pool.

12.   Plaintiffs suffered damages to their property, including their loss incurred by the loss of the swimming pool, the loss of use of the swimming pool as well as the loss of use of their back yard. In addition, the Plaintiff's suffered damages as a result of having purchase home owner's insurance on thier home, paying the required premiums, and then being denied coverage by the insurance carrier.

13.  That as a direct and proximate result of Defendant's conduct and actions, Plaintiffs seek pecuniary damages, actual damages, damages for the insurance company and it's agents for having misled the Plaintiffs regarding their insurance coverage under their home insurance policy, together with actual damages in the amount of $50,000.

<u>DEMAND FOR RELIEF</u>

14.  The Plaintiffs demands the following relief.

    a.  Trial by Jury.

    b.  Judgment for Plaintiffs against Defendants.

    c.  An award of compensatory damages

    d.  An award of actual damages.

    e.  An award of puntivie damages

    f.  An award of attorney fees and all cost of court, cost of expert witnesses.

    g.  Post-judgment interest.

    h  Such other and further relief as the Plaintiffs may be entitled to in the premises .

Respectfully submitted on this the ZZ day of April, 2019.

NYIA HOPKINS-ARCHIE

DAVID ARCHIE

PRESENTED TO THE COURT BY:

DAVID ARCHIE & NYIA HOPKINS-ARCHIE
5852 Clubview Drive
Jackson, Mississippi  39211
Tel: 601-918-4353    PRO SE

## CERTIFICATE OF SERVICE

We, David Archie and Niya Hopkins-Archie  do hereby certify that we have this date caused to be delivered to each of the Defendants hereinafter shown a true and complete copy of the Plaintiff's Amended Complaint, by MEC and by sending the same by united State Mail, postage prepaid, as follows:

> PETTIS, BARFIELD & HESTER, PA.
> ATTORNEYS AT LAW
> Attention: Lara Ashley Coleman
> Post Office Box 16089
> Jackson, Mississippi 39236-6089

> COPELAND, COOK, TAYLOR AND BUSH, PA
> ATTORNEYS AT LAW
> Attention: Dale G. Russell & Blake D. Smith
> Post Office Box 6020
> Ridgeland, Mississippi 39158

> Travelers Insurance Company
> P.O. Box 681746
> Franklin, Tn. 37068

> HUB INTERNATIONAL GULF SOUTH
> 300 Concourse Blvd. Suite 300
> Ridgeland, Mississippi 39157

> BARBARA BROWN
> 300 Concourse Blvd. Suite 300
> Ridgeland, Mississippi 39157.

SO certified on this  22  day of April, 2019.

DAVID ARCHIE & NIYA-HOPKINS ARCHIE

DAVID ARCHIE & NIYA ARCHIE
5852 Clubview Drive
Jackson, Mississippi
Tel: 601-918-4353
PRO SE

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE
AND DAVID ARCHIE                                    PLAINTIFFS

VS.                          CIVIL ACTION NUMBER:  19-910

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN and                                  DEFENDANTS
HUB INTERNATIONAL GULF SOUTH

## AMENDED COMPLAINT

COMES NOW, Plaintiffs, NIYA HOPKINS-ARCHIE and David
Archie, husband and wife, and files this their Amended Complaint
against each of the Defendants as follows, to-wit:

## PARTIES

1.  Plaintiffs, Niya Hopkins-Archie and David Archie are
husband and wife and are adult resident citizens of the State of
Mississippi; their residence is located at 5852 Clubview Drive,
Jackson, Mississippi, which is located in the First Judicial
District of Hinds County, Mississippi.

2.  Travelers Insurance Company is a Nationwide Insurance
Company through the United States of America and does business
throughout the State of Mississippi, and has one of it's agent
and offices located at 300 Concourse Blvd. , Suite 300, Ridgeland,
Mississippi; that Travelers Insurance Company maintains their
Offices at P.O. Box 681746, Franklin, Tennessee 37068; and that
process of this Court may be served upon them pursuant to the

Laws of the State of Mississippi.

The Defendant, Barbara Brown, is an agent of Travelers
Insurance Company, and that she is an adult resident citizen of
the State of Mississippi; that service of process of this Court
may be served upon Defendant, Barbara Brown by serving her at
her place of employment located at 300 Concourse Blvd. Suite 300,
Ridgeland, Mississippi.

The Defendant, HUB INTERNATIONAL GULF SOUTH, is a commerical
business doing business in the First Judicial District of Hinds
County, Mississippi, and that service of process of this Court may
be served upon this Defendant by serving the Defendant at 300
Concourse Blvd., Suite 300, Ridgeland, Mississippi.

<u>FACTS</u>

3.   That the Plaintiffs, NIYA HOPKINS-ARCHIE and David
Archie, are husband and wife, and that they purchased a home located
at 5852 Clubview Drive, Jackson, Mississippi in 2006.  That the
house purchased by the Plaintiffs had a swimming pool at the time
the house was purchased by the Plaintiffs.

4.   The Plaintiffs would show, that at the time of the
purchase of their home at 5852 Clubview Drive, Jackson, Mississippi,
they purchase a policy of home insurance from agent, Barbara Brown
whose offices is located at 300 Concourse Blvd. Ridgeland, Miss-
issippi; that the Defendant, Barbara Brown, provided the Plaintiffs

Niya Hopkins-Archie and David Archie with a policy of home
insurance provided by Travelers Insurance Company, Policy Number

No:              beginning in 2006 and continue to remain in effect
through the year 2019; and was in effect at the time the Plaintiffs
suffered damage to their property.

   5.   The Plaintiffs would show unto the Court, that on
or about March 19, 2016, the Plaintiff's swimming pool rose out
of the ground, and fell apart and is completely destroyed and can
not be repaired, and the only alternative is to have a new swimming
pool installed at the Plaintiff's home at 5852 Clubview Drive
Jackson, Mississippi, which is located in the First Judicial District
of Hinds County, Mississippi.

   6.   The Plaintiffs would show unto the Court, that he and
his wife contacted their insurance agent, Barbara Brown immediately
after March 19, 2016 and advised her of the damage to their **property**
and the damages to their swimming pool.

   7.   The Plaintiffs were advised by their agent, Barbara
Brown, to file a claim and that she would contact the Travelers
Insurance Company, and advise them of their loss.

   8.   THat thereafter, an agent of Travelers Insurance Company
contacted the Plaintiffs and made an investigation and took photos
of the damaged swimming pool; and advised the Plaintiffs that they
would get back in touch with them.

9.   Between March 19, 2016 and the present date, the
Plaintiffs has made neumerous telephone calls to their agent
Barbara Brown and Travelers Insurance Company concerning their
replacement of their swimming pool and property damages.

10.   The Plaintiffs would show that both Barbara Brown
and Travelers Insurance Company, has continually mis-informed
and delayed in having the Plaintiff's claim for damages to their
swimming pool repaired and or replaced. That they have delayed
having their pool repaired or replace under the terms and provisions
of their insurance policy.

11.   The Plaintiffs were thereafter on or about
advised by the adjuster for Travelers Insurance Company, that they
did not have insurance coverage on their swimming pool, and that
the Travelers Insurance Company was not going to repair or replace
the Plaintiffs swimming pool.

12.   Plaintiffs suffered damages to their property, including
their loss incurred by the loss of the swimming pool, the loss of
use of the swimming pool as well as the loss of use of their back
yard. In addition, the Plaintiff's suffered damages as a result of
having purchase home owner's insurance on thier home, paying the
required premiums, and then being denied coverage by the insurance
carrier.

13.   That as a direct and proximate result of Defendant's conduct and actions, Plaintiffs seek pecuniary damages, actual damages, damages for the insurance company and it's agents for having misled the Plaintiffs regarding their insurance coverage under their home insurance policy, together with actual damages in the amount of $50,000.

## DEMAND FOR RELIEF

14.   The Plaintiffs demands the following relief.

    a.   Trial by Jury.

    b.   Judgment for Plaintiffs against Defendants.

    c.   An award of compensatory damages

    d.   An award of actual damages.

    e.   An award of puntivie damages

    f.   An award of attorney fees and all cost of court, cost of expert witnesses.

    g.   Post-judgment interest.

    h   Such other and further relief as the Plaintiffs may be entitled to in the premises .

Respectfully submitted on this the 18 day of April, 2019.

NIYA HOPKINS-ARCHIE

DAVID ARCHIE

PRESENTED TO THE COURT BY:

DAVID ARCHIE & NYIA HOPKINS-ARCHIE
5852 Clubview Drive
Jackson, Mississippi  39211
Tel: 601-918-4353      PRO SE

## CERTIFICATE OF SERVICE

We, David Archie and Niya Hopkins-Archie  do hereby certify that we have this date caused to be delivered to each of the Defendants hereinafter shown a true and complete copy of the Plaintiff's Amended Complaint, by MEC and by sending the same by united State Mail, postage prepaid, as follows:

>PETTIS, BARFIELD & HESTER, PA.
>ATTORNEYS AT LAW
>Attention: Lara Ashley Coleman
>Post Office Box 16089
>Jackson, Mississippi 39236-6089

>COPELAND, COOK, TAYLOR AND BUSH, PA
>ATTORNEYS AT LAW
>Attention: Dale G. Russell & Blake D. Smith
>Post Office Box 6020
>Ridgeland, Mississippi 39158

>Travelers Insurance Company
>P.O. Box 681746
>Franklin, Tn. 37068

>HUB INTERNATIONAL GULF SOUTH
>300 Concourse Blvd. Suite 300
>Ridgeland, Mississippi 39157

>BARBARA BROWN
>300 Concourse Blvd. Suite 300
>Ridgeland, Mississippi 39157.

SO certified on this 18 day of April, 2019.

DAVID ARCHIE & NIYA ARCHIE                    DAVID ARCHIE & NIYA-HOPKINS ARCHIE
5852 Clubview Drive
Jackson, Mississippi
Tel: 601-918-4353
PRO SE

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                    **PLAINTIFFS**

**V.**                                                           **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**              **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### <u>BARBARA BROWN'S OPPOSITION TO PLAINTIFFS'</u>
### <u>MOTION TO AMEND COMPLAINT</u>

Defendant, Barbara Brown ("Brown"), files her Opposition to Plaintiffs' Motion to Amended Complaint and Consolidated Memorandum in Support of Same, would show unto the Court the following:

### I.       <u>Procedural Posture</u>

1.      On March 8, 2019, Plaintiffs filed their Complaint in this Court [Doc No. 2].

2.      On April 11, 2019, Defendant Brown filed her Motion to Dismiss and Memorandum Brief in Support of Same [Doc Nos. 7-8].

3.      On April 12, 2019, Brown set her Motion to Dismiss for hearing on May 23, 2019 [Doc. No. 12].

4.      On April 22, 2019, Plaintiffs sought leave to file their Amended Complaint with a proposed Amended Complaint attached [Doc. No. 13].

### II.      <u>Argument and Authorities</u>

While the undersigned understands that pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, leave to amend shall be freely given, Plaintiffs' proposed Amended Complaint also fails to state a claim against Brown; therefore, granting Plaintiffs' leave to file their proposed Amended Complaint would be futile. *Merideth v. Merideth,* 987 So. 2d 477, 482 (Miss. Ct. App.

1

2008) (*stating* amendments should be freely allowed unless the proposed amendment would still render the claim futile). As such, Plaintiffs' Motion for Leave to File Amended Complaint should be denied.

Rule 8(a), Mississippi Rules of Civil Procedure, provides that a pleading which sets forth a claim for relief. . . "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ."

There are no allegations in the proposed Amended Complaint which would create any legal duty to the Plaintiffs which is alleged to have been breached by Brown. The proposed Amended Complaint does not set forth a cause of action against Brown. If the Court allowed this proposed Amended Complaint to be filed, Brown has no idea what the alleged cause(s) of action against her might be and, therefore, cannot identify what defenses should be asserted in this action to Plaintiffs' proposed Amended Complaint.

Although Rule 8 no longer requires technical form of pleadings, notice pleadings must still place a party on notice of the claim asserted. *Estate of Stevens v. Wetzel*, 762 So.2d 293 (Miss. 2000). The Complaint in this action is akin to the complaint in *Sladen v. Hansford*, 815 So.2d 471 (Miss. Ct. App. 2002), wherein the plaintiff's complaint alleging that he was assaulted while on the defendant's property was not sufficient to provide notice of a negligence cause of action.

While Plaintiffs' proposed Amended Complaint does make a claim for relief in the form of money damages and punitive damages, the proposed Amended Complaint fails to state any cause of action or grounds for such relief against Brown. Rule 8 is satisfied when the pleadings give notice of the grounds for relief. *McClain v. Westside Bone & Joint Center*, 656 So.2d 119 (Miss. 1995).

The proposed Amended Complaint does not put Brown on fair notice of what claim or causes of action are being asserted against her, therefore making it impossible for her to identify what defenses might apply. Although facts in complaints do not have to be stated in detail, it is necessary to state enough facts to put the other party on fair notice of the basis of the claim. *Hester v. Bandy*, 627 So.2d 833 (Miss. 1993).

Brown does not know whether a claim is being made against her for negligence, breach of contract, or any other cause of action. A pleading must give notice of the claim which will be offered at trial rather than stating facts or narrowing issues. *Independent Life & Accident Ins. Co. v. Peavy*, 528 So.2d 1112 (Miss. 1988). A complaint should set out the elements of the offense. *Comic Delta, Inc. v. Pate Stevador Co. of Pascagoula, Inc.*, 521 So.2d 857 (Miss. 1988). Further, a complaint must set forth sufficient facts to support a cause of action. *Surrette v. B&M Building Supply*, 441 So.2d 551 (Miss. 1983).

Here, there are no facts to establish any relationship or legal duty of Brown to instruct the Plaintiffs on how to clean their swimming pool or any other matter which is set forth in the proposed Complaint. ***As a reminder to the Court, Brown is an insurance agent that assisted Plaintiffs in procuring an insurance policy from Travelers Insurance Company.*** Brown is not in the business of cleaning swimming pools.

If the cause of action Plaintiffs are attempting to assert is negligence, Brown clearly owed no duty to instruct Plaintiffs on how to clean their pool. *Sanderson Farms v. McCullough,* 212 So.3d 69, 76 (Miss. 2017) (*stating* Plaintiff must establish by a preponderance of the evidence a duty and a breach of duty).

If the cause of action Plaintiffs are attempting to assert is breach of contract, Brown had no contract with Plaintiffs and could not have breached same. To establish a contract, a party must

show an offer, acceptance and consideration. *McKenzie v. Mississippi Municipal Service Company,* 193 So.3d 676, 679 (MS Ct. App. 2016).  Further, if Plaintiffs had any evidence of a contract, they failed to attach any purported contract to their proposed Amended Complaint, which is required by Mississippi law.

### III.   Conclusion

As stated previously, Plaintiffs' proposed Amended Complaint is frivolous and sets forth no cause of action against Brown.  As such, Plaintiffs' Motion for Leave to File Amended Complaint should be denied, as it would be futile to allow Plaintiffs leave to file a frivolous Amended Complaint. *Merideth v. Merideth,* 987 So. 2d 477, 482 (Miss. Ct. App. 2008) (*stating* amendments should be freely allowed unless the proposed amendment would still render the claim futile).

WHEREFORE, PREMISES CONSIDERED, Brown respectfully requests that the Court deny Plaintiffs' Motion to File an Amended Complaint, and assess all costs to the Plaintiffs.

Respectfully submitted, this the 30th day of April, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
    David A. Barfield, Esq., Her Attorney


David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC and U. S. Mail, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
*Plaintiffs*

So certified, this the 30th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4845-6457-5125, v. 1

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 19-910** |
| **TRAVELERS INSURANCE COMPANY, BARBARA BROWN,  HUB INTERNATIONAL GULF SOUTH** | **DEFENDANTS** |

### BARBARA BROWN'S MOTION TO STRIKE PLAINTIFFS' PURPORTED AMENDED COMPLAINT AND CONSOLIDATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME

Defendant, Barbara Brown ("Brown"), files her Motion to Strike Plaintiffs' Purported Amended Complaint and Consolidated Memorandum in Support of Same, would show unto the Court the following:

### I.    Procedural Posture

1.    On March 8, 2019, Plaintiffs filed their Complaint in this Court [Doc No. 2].

2.    On April 11, 2019, Defendant Brown filed her Motion to Dismiss and Memorandum in Support of Same [Doc Nos. 7-8].

3.    On April 22, 2019, Plaintiffs filed a Motion for Leave to file their Amended Complaint [Doc. No. 13].

4.    On this same day, even though leave was not granted by this Court allowing Plaintiffs to file their Amended Complaint, Plaintiffs filed their Amended Complaint [Doc. No. 14].

5.    Brown's counsel received Plaintiffs' purported Amended Complaint through the Mississippi Electronic Court system.

1

## II.   Argument and Authorities

Rule 15 of the Mississippi Rules of Civil Procedure clearly provides that if a party has filed a responsive pleading to a pleading, "… a party may amend a pleading only by leave of court or upon written consent of the adverse party."   As is shown above, on April 11, 2019, Brown filed a responsive pleading to Plaintiffs' Complaint by filing a Motion to Dismiss.

On April 22, 2019, when Plaintiffs filed their Amended Complaint, it was without leave of court and without the written consent of Brown. Therefore, based on the clear and unambiguous language set forth in Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs' April 22, 2019 Amended Complaint should be stricken from the record, as it is an improper pleading and a nullity.

WHEREFORE, PREMISES CONSIDERED, as stated hereinabove, the purported Amended Complaint filed in this matter filed by Plaintiff should be stricken from the record. Accordingly, Brown respectfully requests that the Court grant it the relief requested above.

Respectfully submitted, this the 30th day of April, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC and U. S. Mail, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
*Plaintiffs*

So certified, this the 30th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4847-4873-1285, v. 1

3

## COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**Niya Hopkins-Archie & David L. Archie,**

                    Plaintiffs;

          v.

**The Travelers Insurance Company, Barbara Brown, HUB International Gulf South,**

                    Defendants.

Civil Action No. 19-910

**AICH's Motion to Strike Plaintiffs' Purported Amended Complaint**

Defendant The Automobile Insurance Company of Hartford, Connecticut ("AICH"), improperly named by Plaintiffs as "The Travelers Insurance Company", submits this Motion to Strike Plaintiffs' Purported Amended Complaint and would show unto the Court the following:

### Background/Procedural History

1. On March 8, 2019, Plaintiffs filed their Complaint [Doc. No. 2].

2. On April 10, 2019, AICH filed its Answer and Defenses to Plaintiffs' Complaint [Doc. No. 6].

3. On April 22, 2019, Plaintiffs filed a Motion for Leave to file an Amended Complaint [Doc. No. 13]. Even though leave was not granted by this Court to file the Plaintiffs' proposed Amended Complaint (no Order Granting Leave has been en-

tered), Plaintiffs prematurely and wrongfully filed their purported Amended Complaint [Doc. No. 14] which was served on counsel for AICH through the Mississippi Electronic Court System.

### Legal Argument

4.    Plaintiffs' filing of the Amended Complaint without leave of this Court is in violation of Rule 15 of the Mississippi Rules of Civil Procedure.  Rule 15 allows a party to amend a pleading as a matter of course at any time before a responsive pleading is served.  Here, AICH had already filed its responsive pleading to Plaintiffs' Complaint in the form of its Answer and Defenses [*See* Doc. No. 6].  Where a responsive pleading has already been filed, Rule 15 requires that "a party may amend a pleading only be leave of court or upon written consent of the adverse party."

Again, this Court has not entered an order granting Plaintiffs leave to file their proposed Amended Complaint, and the adverse parties did not consent to the filing of it.  In fact, Defendant Barbara Brown filed an Opposition to Plaintiffs' Motion to Amend  Complaint [*See* Doc. No. 15] in part on the basis that the claims in the proposed Amended Complaint against Brown fail to state a claim against her and, therefore, granting leave to file the proposed Amended Complaint would be futile.  AICH agrees that Plaintiffs' proposed Amended Complaint fails to state a legally cognizable claim against Brown under Mississippi law.

5.    Because the Court has not granted leave for Plaintiffs to file their proposed Amended Complaint and the Defendants have not consented to the filing of

it, the Amended Complaint was improperly filed by Plaintiffs and is actually a legal nullity pursuant to Rule 15 of the Mississippi Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** for the reasons set forth above, the Amended Complaint improperly filed by Plaintiffs should be stricken from the record.  Should the Court grant leave to file the Amended Complaint, Plaintiffs should be required to re-file and serve it on the parties.

AICH respectfully requests any such other relief as the Court deems proper in the circumstances.

Respectfully submitted,

**Defendant The Automobile Insurance Company of Hartford, Connecticut (improperly named as "The Travelers Insurance Company")**

Dated: 5/1/19

s/ Dale G. Russell

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200
F+601.856.7626
drussell@ccb.com
bsmith@cctb.com
*Attorneys for Defendant*

Motion to Strike
Page 3 of 4

## CERTIFICATE OF SERVICE

I, Dale G. Russell, certify that on May 1, 2019, I electronically filed a true and correct copy of the previous document with the county court using the MEC system and that I sent a true and correct copy of it to the following non-MEC participants by U.S. mail and U.S. certified mail, return receipt requested:

Niya Hopkins–Archie
David L. Archie
5852 Clubview Drive
Jackson, MS 39211
*Plaintiffs (pro se)*

Dale G. Russell
Dale G. Russell

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                    **PLAINTIFFS**

**V.**                                                 **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**          **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### BARBARA BROWN'S MOTION TO STRIKE PLAINTIFFS' PURPORTED AMENDED COMPLAINT AND CONSOLIDATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME

Defendant, Barbara Brown ("Brown"), files her Motion to Strike Plaintiffs' Purported Amended Complaint and Consolidated Memorandum in Support of Same, would show unto the Court the following:

### I.     Procedural Posture

1.      On March 8, 2019, Plaintiffs filed their Complaint in this Court [Doc No. 2].

2.      On April 11, 2019, Defendant Brown filed her Motion to Dismiss and Memorandum in Support of Same [Doc Nos. 7-8].

3.      On April 22, 2019, Plaintiffs filed a Motion for Leave to file their Amended Complaint [Doc. No. 13].

4.      On this same day, even though leave was not granted by this Court allowing Plaintiffs to file their Amended Complaint, Plaintiffs filed their Amended Complaint [Doc. No. 14].

5.      Brown's counsel received Plaintiffs' purported Amended Complaint through the Mississippi Electronic Court system.

1

## II.   Argument and Authorities

Rule 15 of the Mississippi Rules of Civil Procedure clearly provides that if a party has filed a responsive pleading to a pleading, "… a party may amend a pleading only by leave of court or upon written consent of the adverse party."   As is shown above, on April 11, 2019, Brown filed a responsive pleading to Plaintiffs' Complaint by filing a Motion to Dismiss.

On April 22, 2019, when Plaintiffs filed their Amended Complaint, it was without leave of court and without the written consent of Brown. Therefore, based on the clear and unambiguous language set forth in Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs' April 22, 2019 Amended Complaint should be stricken from the record, as it is an improper pleading and a nullity.

WHEREFORE, PREMISES CONSIDERED, as stated hereinabove, the purported Amended Complaint filed in this matter filed by Plaintiff should be stricken from the record. Accordingly, Brown respectfully requests that the Court grant it the relief requested above.

Respectfully submitted, this the 30th day of April, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

2

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC and U. S. Mail, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
*Plaintiffs*

So certified, this the 30th day of April, 2019.

/s/ David A. Barfield
David A. Barfield

4847-4873-1285, v. 1

3

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                    **PLAINTIFFS**

**V.**                                                       **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**                     **DEFENDANTS**
**BROWN, HUB INTERNATIONAL GULF SOUTH**

### <u>NOTICE OF HEARING</u>

Please take notice that Defendant, Barbara Brown will bring her Motion to Strike Plaintiffs'

Purported Amended Complaint and Consolidated Memorandum of Authorities in Support of Same

[Docs. 16 and 18] on for hearing before the Honorable LaRita Cooper-Stokes, on Thursday, May

23, 2019, at 9:30 a.m. at the Hinds County Courthouse, Jackson, Mississippi.

Respectfully submitted, this the 1st day of May, 2019.

BARBARA BROWN

By: */s/ David A. Barfield*
　　　David A. Barfield, Esq., Her Attorney

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## CERTIFICATE OF SERVICE

I, David A. Barfield, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC and U. S. Mail, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS  39211
*Plaintiffs*

Dale G. Russell, Esq. (MSB# 10837)
drussell@cctb.com
Blake D. Smith, Esq. (MSB# 103255)
bsmith@cctb.com
Copeland, Cook, Taylor & Bush, P.A.
P. O. Box 6020
Ridgeland, MS  39158
*Attorneys for Defendant, Travelers Insurance Company*

So certified, this the 1st day of May, 2019.

/s/ David A. Barfield
David A. Barfield

4837-0416-9877, v. 1

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE                      PLAINTIFFS

VS.
                                                    CAUSE NO: 19-910

TRAVELERS INSURANCE COMPANY, BARBARA
BROWN, HUB INTERNATIONAL GULF SOUTH                       DEFENDANTS

PLAINTIFF"S WRITTEN RESPONSES TO
DEFENDANT, BARBARA BROWN MOTION TO
STRIKE PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the Plaintiffs, and files this their written
responses to Defendant, Barbara Brown's Motion To Strike the
Plaintiff's Amended Complaint, and wouls show unto the Court as
follows:

1.

Rule 15 M.R.C.P. clearly states as follows:

"If the opposing party objects but fails to persuade
the court that he will be prejudiced in maintaing his claim
or defense, the court must then grant leave to amend the
pleadings to allow the evidence on the issue. If the
objecting party can show prejudice the court may  grant
a continuance to meet the evidence, but should again allow
amendment of the pleadings. " Wright & Miller #6, supra
Civil 1495.

The test is "whether or not the oposing party has been
prejudiced in his defense by the delay..."

Rule 15. M.R.C.P. (A) states:

" Otherwise a party may amend his pleadings only by
leave of court or upon written consent of the adverse
party, leave shall be freely given when justice so require."

Rule 15 (B) M.R.C.P.

      "f evidence is objected to at the trial on the
      ground that it is not within the issue made in the
      pleadings, the court may allow the pleadings to be
      amended and shall do so freely when the presentation
      of the merits of the action, will be subserved
      thereby and the objecting party fails to satisfy the
      court that the admission of such evidence would prejudice
      him in the maintaining of his action pr defense upon
      the merits."

RULE 15, (d) M.R.C.P.

      "Upon motion of a party the court may, upon reasonable
      notice and upon such terms as are just, permit him to
      serve a supplemental pleading setting forth transactions,
      occurrences or events which have happened since the
      date of the pleading sought to be supplemented. Permission
      may be granted even though the original pleading is
      defective in its statement of a claim for relief or defense."

    The theory underlying Rule 15, demonstrate that amended
pleadings have been liberally permitted throughout Mississippi legal
history.  Miss. Code Ann. 11-5-45, 11-5-57, 11-5-59, 11-5-61,11-5-63,
11-7-55, 11-7-59(3),, 11-7-115, and 11-17-117, see also Grocery co.
vs. Bennett, 101 Miss. 573, 58 So. 482 (1912) (courts are organized
for the purpose of trying cases on their merits and only in exceptional
cases sjould trial courts refuse to permit amendments to pleadings
or proceedings. Field vs. Middleses Bkg Co. 77 Miss 180, 29 So 365
(1899) the presentation of a case on its merits should not be defeated
by reason alone of any formal rules of pleadings and practice, if
within the legitimate powers of the court of conscience to avoid.

    "The rule provides, simply, that amendments are to be
allowed "freely when justice so requires" In practice an amendment
should be denied only if the amendment would cause actual prejudice
to the opposite party. 6 Wright & Miller

The Plaintiffs would respectfully show unto the Court, that the Defendants would not be prejudice in any way whatso- ever by the Court allowing the Plaintiffs to amend their pleadings; to the contrary, the Plaintiffs would suffer damages/

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs moves this Court to deny the Defendant's Motion Objecting to The Plaintiff's amendment of it's Complaint, and the Court should deny the Defen- dant's Motion to Strike the Plaintiff's proposed amended Complaint.

The Plaintiffs request that the Court will deny the relief sought by the Defendants, and will allow the Plaintiffs to amend their Complaint, a copy of which was heretobefere filed with the Plaintiff's Motion to Amend it's Complaint.

Respectfully submitted on this 17 day of May, 2019.

NIYA HOPKINS-ARCHIE

DAVID L. ARCHIE

## CERTIFICATION OF SERVICE

I DAVID L. ARCHIE, one of the Plaintiffs, do hereby certify that I have this day caused to be sent via MEC and U.S. Mail, a true and correct copy of the above and foregoing Plaintiff's response to Defendant's Motion To Strike To;

Hon. David A. Barfield
PETTIS, BARFIELD & HESTER
P.O. Box 16089
Jackson, Miss. 39236-6089

David G. Russell
COPELAND, COOK & TAYLOR & BUSH
P.O. Box 6020
Ridgeland, Miss. 39158

SO CERTIFIED this 17 day of May, 2019.

David L. Archie   Niya Hopkins Archie

DAVID L. ARCHIE
NIYA HOPKINS ARCHIE
5852 Clubview Drive
Jackson, Miss. 39211

## IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE**                          **PLAINTIFFS**

**V.**                                                                      **CAUSE NO. 19-910**

**TRAVELERS INSURANCE COMPANY, BARBARA**                **DEFENDANTS**
**BROWN,  HUB INTERNATIONAL GULF SOUTH**

### ENTRY OF APPEARANCE

Jason E. Dare of the law firm of Pettis, Barfield & Hester, P.A. hereby enters his

appearance as counsel of record for Defendant, Barbara Brown.

Respectfully submitted, this the 21st day of May, 2019.

BARBARA BROWN

By: */s/ Jason E. Dare*
Jason E. Dare

David A. Barfield, Esq. (MS Bar No. 1994)
dbarfield@pbhfirm.com
Jason E. Dare, Esq.(MS Bar No. 100973)
jdare@pbhfirm.com
Lara Ashley Coleman, Esq. (MS Bar No. 10506)
lacoleman@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210 (39211)
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## <u>CERTIFICATE OF SERVICE</u>

I, Jason E. Dare, one of the attorneys of record for Defendant, Barbara Brown, do hereby certify that I have this day caused to be sent via MEC, a true and correct copy of the above and foregoing document to:

Niya Hopkins-Archie & David L. Archie
5852 Clubview Drive
Jackson, MS 39211
*Plaintiffs*

Dale G. Russell, Esq. (MSB# 10837)
drussell@cctb.com
Blake D. Smith, Esq. (MSB# 103255)
bsmith@cctb.com
Copeland, Cook, Taylor & Bush, P.A.
P. O. Box 6020
Ridgeland, MS 39158
***Attorneys for Defendant, Travelers Insurance Company***

So certified, this the 21st day of May, 2019.

/s/ Jason E. Dare
Jason E. Dare

4838-3719-5415, v. 1

## COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **Niya Hopkins-Archie & David L. Archie,** | |
| Plaintiffs; | Civil Action No. 19-910 |
| v. | |
| **The Travelers Insurance Company, Barbara Brown, HUB International Gulf South,** | **Travelers' Notice of Removal to United States District Court** |
| Defendants. | |

Notice is given under 28 U.S.C. § 1446 that Defendant The Automobile Insurance Company of Hartford, Connecticut (improperly named as "The Travelers Insurance Company") has removed this cause of action from the County Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

Removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

A copy of AICHC's Notice of Removal as filed in the United States District Court for the Southern District of Mississippi, Northern Division, is attached, specifically referred to, and incorporated by reference as *Exhibit 1*.

Removal to the United States District Court for the Southern District of Mississippi, Northern Division, has been effected.

According to 28 U.S.C. § 1446, the state court should proceed no further with this action.

Respectfully submitted,

**Defendant The Automobile Insurance Company
of Hartford, Connecticut (improperly named as
"The Travelers Insurance Company")**

Dated:  **5/21/19**

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200 F+601.856.7626
drussell@ccb.com bsmith@cctb.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Dale G. Russell/Blake D. Smith, certify that on May **21**, 2019, I

electronically filed a true and correct copy of the previous document with the

county court using the MEC system which sent notification to the following:

> David A. Barfield
> Lara Ashley Coleman
> PETTIS, BARFIELD & HESTER, P.A.
> 450 Old Canton Road, Suite 210 (39211)
> Post Office Box 16089
> Jackson, MS 39236–6089
> T+601.987.5300
> F+601.98.5353

I also certify that I sent a true and correct copy to the following non-ECF

participants by hand delivery, U.S. mail, and U.S. certified mail, return receipt

requested:

> Niya Hopkins–Archie
> David L. Archie
> 5852 Clubview Drive
> Jackson, MS 39211
> *Plaintiffs (pro se)*

Dale G. Russell/Blake D. Smith

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

3:19cv351 TSL-RHW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Niya Hopkins-Archie and David L. Archie

**DEFENDANTS** Travelers Insurance Company, Barbara Brown, HUB International Gulf South

**(b)** County of Residence of First Listed Plaintiff    Hinds
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

FILED    NOV 21 2019

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Niya Hopkins-Archie and David L. Archie, 5852 Clubview Drive, Jackson, MS 39211 (pro-se)

Attorneys *(If Known)*  Dale G. Russell, Blake D. Smith and Ian R. Underwood, COPELAND COOK TAYLOR & BUSH, P.A., Post Office Box 6020, Ridgeland, MS 39158  601-856-7200

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | LABOR | ☐ 840 Trademark | Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | IMMIGRATION | | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty Other: | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441 and 1446
Brief description of cause:
Insurance/Contract

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE   5/21/19

SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**EXHIBIT**
1

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

Niya Hopkins-Archie & David L.
Archie,

        Plaintiffs;

v.

The Travelers Insurance Company,
Barbara Brown, HUB International
Gulf South,

        Defendants.

Civil Action No. _3:19cv351 TSL-RHW_

**Travelers' Removal Notice**



## INTRODUCTION

According to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Automobile

Insurance Company of Hartford, Connecticut (improperly named as "The Travelers

Insurance Company") gives notice that it has removed Civil Action No. 19-910 from

the County Court of Hinds County, Mississippi, First Judicial District, to the United

States District Court for the Southern District of Mississippi, Northern Division.

Removal is proper because complete diversity exists between properly joined

parties, and the amount in controversy exceeds $75K exclusive of interest and

costs.

## BACKGROUND OF CIVIL ACTION

AICHC issued a homeowners-insurance policy to the Archies.[1] In March 2016, the Archies made an insurance claim for property damage involving their swimming pool. Because the Archies' policy does not cover the loss, AICHC denied their insurance claim in April 2016.[2]

On 3/8/19, the Archies filed the following lawsuit:

*Niya Hopkins–Archie & David L. Archie v. Travelers Insurance Company, Barbara Brown, HUB International Gulf South;*
Civil Action No. 19-910 (25CO1:19-cv-00910-LCS);
County Court of Hinds County, MS (First Judicial District).[3]

The Complaint vaguely alleged that AICHC insured the Archies' house and that their pool rose on 3/19/16.[4] The Archies served AICHC on 3/12/19.[5]

In addition to AICHC, the Complaint named Barbara Brown and HUB International Gulf South as defendants.[6] Brown filed a Rule 12 motion to dismiss on 4/11/19.[7] Brown's motion pointed out that among other deficiencies, the Complaint fails to contain a plain statement showing the pleader is entitled to relief

---

[1]  Homeowners Policy Declarations Ex. 1, Mar. 14, 2016.
[2]  Denial Letter Ex. 2, Apr. 15, 2016.
[3]  Compl. Ex. 3, Mar. 8, 2019.
[4]  Ex. 3 ¶¶ 2, 14.
[5]  Not. of Serv. of Process Ex. 4, Mar. 14, 2019.
[6]  Ex. 3.
[7]  Mot. to Dismiss, Apr. 11, 2019, MEC No. 10; Mem. Supp. Mot. to Dismiss, Apr. 11, 2019, MEC No. 8.

Removal Not.
Page 2 of 11

against Brown, that it does not allege a relationship between the Archies and
Brown sufficient to create a duty owed to them regarding the swimming pool, that
Brown cannot discern what causes of action are being asserted against her or the
basis for them, and that it omits allegations sufficient to support why the Archies
would be entitled to damages from Brown.[8]

On 4/22/19, the Archies filed for leave to amend their Complaint.[9] They
also filed an unauthorized amended complaint.[10] Brown opposed the Archies'
motion and moved to strike the unauthorized amended complaint.[11] Brown's
opposition observed the unauthorized amended complaint fails to state a cause of
action or grounds for relief against her.[12]

The Archies' unauthorized amended complaint requested actual damages in
the amount of $50K and an unspecified amount of punitive damages and attorney's
fees.[13]

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

The Archies' allege they are residents of Hinds County, MS.[14]

---

[8]  *Id.*

[9]  Pls.' Mot. to File Am. Compl., Apr. 22, 2019, MEC No. 13.

[10]  Am. Compl. Ex. 5, Apr. 22, 2019, MEC No. 14.

[11]  Brown's Opp'n to Pls.'s Mot. to Am. Compl., Apr. 30, 2019, MEC No. 15; Mot. to
Strike Pls.' Purported Am. Compl., Apr. 30, 2019, MEC No. 16; Mot. to Strike Pls.'
Purported Am. Compl, May 1, 019, MEC No. 18.

[12]  Brown's Opp'n to Pls.'s Mot. to Am. Compl., MEC No. 15 at 2.

[13]  Ex. 5 at 5.

[14]  Ex. 3 ¶ 1.

The Archies improperly named "AICHC" as "The Travelers Insurance Company" in their Complaint. AICHC issued the homeowners-insurance policy to the Archies.[15]

AICHC is a Connecticut corporation with a principal place of business in that state.[16]

The Archies' Complaint does not allege the citizenship of Brown or HUB. Nothing in the state-court record indicates HUB has ever been served with process. According to publicly available information, HUB is a foreign corporation (Indiana) with a principal office outside of Mississippi (Illinois).[17] Brown's citizenship should be disregarded, moreover, because the Archies improperly joined her to defeat diversity jurisdiction.

According to 28 U.S.C. § 1332, complete diversity of citizenship exists between the Archies and proper party AICHC.

### DEFENDANT BARBARA BROWN HAS BEEN IMPROPERLY JOINED

A plaintiff's inability to establish a cause of action against a non-diverse defendant in state court establishes improper joinder.[18] A plaintiff is unable to do so if there is no reasonable basis to predict the plaintiff might recover against the in-

---

[15] Ex. 1.

[16] Ann B. Mulcahy Aff. ¶ 4 Ex. 6, June 5, 2014.

[17] HUB Business Details, Ex. 7.

[18] *Burrell v. Ford Motor Co.*, 304 F. Supp. 2d 883, 887 (S.D. Miss. 2004) (citing *Laughlin v. Prudential Ins. Co.*, 882 F. 2d 187, 190 (5th Cir. 1989)).

state defendant in state court.[19] Under a standard similar to Rule 12(b)(6) dismissal with discretion to pierce the pleadings and consider evidence appropriate for summary judgment, a court initially looks at allegations in the complaint to decide if it states a claim under state law against the in-state defendant; if no reasonable possibility of recovery exists, the non-diverse defendant has been improperly joined.[20] A mere hypothetical possibility of recovery fails to alter that conclusion.[21] In this case, because the Archies' Complaint fails to state a claim against in-state defendant Brown, there is no reasonable possibility that the Archies could recover against her.

In *Curry v. State Farm Mutual Automobile Insurance Co.*, for example, this Court denied a motion to remand and dismissed an insurance agent who was improperly joined to defeat diversity jurisdiction.[22] Curry argued that the agent gave negligent advice by not informing him of what procedures his health insurance would cover and in procuring the policy at issue.[23] Recognizing "the law does not impose on an insurance agent some amorphous duty to advise a prospective insured of all procedures a policy will or may cover," the Court

---

[19] *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[20] *Flagg v. Stryker Corp.*, 819 F.3d 132, 146 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

[21] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[22] *Curry v. State Farm Mut. Auto. Ins. Co.*, 599 F. Supp. 2d 734, 739–40 (S.D. Miss. 2009).

[23] *Id.*

Removal Not.
Page 5 of 11

concluded the complaint failed to state a viable claim against the agent and should do the same thing here.[24]

The Archies' Complaint does far less than the insufficient one in *Curry*: there is no plain statement showing the pleader is entitled to relief against Brown, no allegations of a relationship between the Archies and Brown sufficient to create a duty owed to them regarding the swimming pool, and no allegations sufficient to support why the Archies would be entitled to damages from Brown. In short, there are no allegations in the Complaint sufficient to support potential liability against Brown. The unauthorized amended complaint does not alter that fact.[25]

There is no reasonable possibility that the Archies could recover against Brown, and she has been improperly joined to defeat diversity jurisdiction.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75K

The Archies' Complaint seeks an unspecified amount of damages related to the swimming pool, including punitive damages and attorney's fees.[26] According to their unauthorized amended complaint, the Archies "suffered damages to their property, including . . . the loss of the swimming pool, the loss of use of the swimming pool as well as the loss of use of their back yard."[27] It alleges pecuniary

---

[24]  *Id.*
[25]  Brown's Opp'n to Pls.'s Mot. to Am. Compl., Apr. 30, 2019, MEC No. 15; Mot. to Strike Pls.' Purported Am. Compl., Apr. 30, 2019, MEC No. 16; Mot. to Strike Pls.' Purported Am. Compl, May 1, 019, MEC No. 18.
[26]  Ex. 1 at 2.
[27]  Ex. 5 ¶ 12.

damages, actual damages, punitive damages, and attorney's fees.[28] The
unauthorized amended complaint specifically seeks "actual damages in the amount
of $50,000."[29]

This Court has found that the jurisdictional threshold is met where a
plaintiff requested $25K and unspecified punitive damages.[30] The Archies' seek
twice that and more.

Based on the allegations in the Complaint, the request for $50K in the
unauthorized amended complaint, and assertions in both that the Archies are
entitled to unspecified punitive damages[31] and attorney's fees,[32] the amount in
controversy exceeds $75K, exclusive of interest and costs.[33]

---

[28]   *Id.* ¶¶ 13–14.

[29]   *Id.* ¶ 13.

[30]   *See White v. Allstate Ins. Co.*, No. 1:17-CV-350-HSO-JCG, 2018 U.S. Dist. LEXIS
       82177, at *4 (S.D. Miss. May 16, 2018) ("An award of such [punitive] damages in a
       'single digit ratio' to the requested $25,000.00 in compensatory damages could easily
       exceed the $75,000.00 jurisdictional minimum.")).

[31]   *See Evans v. Red Shield Admin., Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 U.S. Dist.
       LEXIS 139520, at *2 (S.D. Miss. Aug. 17, 2018) (citing *Brasell v. Unumprovident
       Corp.*, No. 2:01-CV-202-DB, 2001 U.S. Dist. LEXIS 26672 (N.D. Miss. Oct. 25, 2001))
       (discussing first line of cases holding unspecified punitive damages sufficient to
       support jurisdictional threshold and second line looking at allegations to determine
       whether combination of compensatory and punitive damages could support recovery
       above $75K).

[32]   *See Lee v. Safeco Ins. Co.*, No. 3:12-CV-490-WHB-LRA, 2012 U.S. Dist. LEXIS 193427,
       at *7 (S.D. Miss. Oct. 5, 2012) (citing *Wince v. Wal-Mart Stores, Inc.*, 373 F. Supp. 2d
       670, 673 (S.D. Miss. 2005)) (attorney's fees should be considered in amount-of-
       controversy determination).

[33]   *See White v. Allstate Ins. Co.*, No. 1:17-CV-350-HSO-JCG, 2018 U.S. Dist. LEXIS
       82177, at *4 (S.D. Miss. May 16, 2018) ("An award of such [punitive] damages in a
       'single digit ratio' to the requested $25,000.00 in compensatory damages could easily
       exceed the $75,000.00 jurisdictional minimum.")).

The Court has original jurisdiction according to 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

On 4/22/19, the Archies filed their motion to amend and unauthorized amended complaint.[34] The unauthorized amended complaint was an "amended pleading, motion, order or other paper" giving notice that the amount in controversy exceeds $75K, exclusive of interest and costs.[35]

Thirty days have not elapsed since the Archies filed their unauthorized amended complaint, and removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case is being removed from the Circuit Court of Hinds County, Mississippi, where the Archies originally filed it.

---

[34] Ex. 5.

[35] 28 U.S.C. § 1446(b)(3) (notice of removal may be filed within 30 days of amended pleading, motion, order, or other paper). *Cf. Self v. Hayes,* No. 1:16CV535-TSL-RHW, 2016 U.S. Dist. LEXIS 190857, at *8-9 (S.D. Miss. 2016) (citing *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761-62 (5th Cir. 2000) (holding that post-complaint demand letter is "other paper" under 28 U.S.C. § 1446(b)).

### COPY OF STATE COURT PROCEEDINGS

Under 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of proceedings from the County Court of Hinds County, Mississippi, will be timely filed.

### NOTICE TO PLAINTIFF

Consistent with 28 U.S.C. § 1446(d) and the Certificate of Service, AICHC is providing the Archies with a copy of this Notice of Removal.

### NOTICE TO STATE COURT

AICHC will file a true and correct copy of this Notice of Removal with the Circuit Court of Hinds County, Mississippi, and effect removal to this Court according to 28 U.S.C. § 1446(d).

### CONSENT OF OTHER DEFENDANTS

Because the Archies have improperly joined Brown, her joinder or consent to removal is unnecessary.[36] And because HUB has not been served, its joinder or consent is unnecessary.[37]

---

[36] 28 U.S.C. §§ 1446(b)(2)(A) (only a defendant who has been properly joined and served must join in or consent to removal); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (improperly joined defendant exception to rule of unanimity).

[37] 28 U.S.C. § 1446(b)(2)(A) (referring to defendants "who have been properly joined and served").

Removal Not.
Page 9 of 11

## CONCLUSION

AICHC respectfully requests that this Court will receive and place on its

docket this Notice of Removal and that the County Court of Hinds County,

Mississippi, will proceed no further in this action.

Respectfully submitted,

**Defendant The Automobile Insurance Company
of Hartford, Connecticut (improperly named as
"The Travelers Insurance Company")**

Dated:  **5/21/19**

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200 F+601.856.7626
drussell@ccb.com bsmith@cctb.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I, Dale G. Russell/Blake D. Smith, certify that on May **21**, 2019, I filed a

true and correct copy of the previous document with the district court and sent one

to the following non-ECF participants by hand delivery, U.S. mail, and U.S.

certified mail, return receipt requested:

Niya Hopkins–Archie
David L. Archie
5852 Clubview Drive
Jackson, MS 39211
*Plaintiffs (pro se)*

_____
Dale G. Russell/Blake D. Smith

Removal Not.
Page 11 of 11

Continuation
Declarations

 **TRAVELERS**

## HOMEOWNERS POLICY

| Named Insured | Your Agency's Name and Address |
|---|---|
| NIYA C. HOPKINS<br>5852 CLUBVIEW DR<br>JACKSON MS 39211-3239 | HUB INT'L GULF SOUTH<br>PO BOX 6005<br>RIDGELAND, MS    39158 |

| Your Policy Number:    979341038 633 1 | For Policy Service Call: (601) 707-2050 |
|---|---|
| Your Account Number:   979341038 | For Claim Service Call: 1-800-CLAIM33 |

| Policy Period | Location of Residence Premises |
|---|---|
| FROM: 03-14-16 To: 03-14-17   12:01 A.M.<br>STANDARD TIME AT THE RESIDENCE PREMISES | 5852 CLUBVIEW DR<br>JACKSON MS 39211-3239 |

| Section I - Property Coverages | Limits of Liability | Premium |
|---|---|---|
| A - DWELLING | $ 313,000 | $  3,028.00 |
| B - OTHER STRUCTURES | 31,300 | INCL |
| C - PERSONAL PROPERTY | 156,500 | INCL |
| D - LOSS OF USE | 62,600 | INCL |

| Section II - Liability Coverages | | |
|---|---|---|
| E - PERSONAL LIABILITY (BODILY INJURY AND<br>PROPERTY DAMAGE) EACH OCCURRENCE | $ 100,000 | INCL |
| F - MEDICAL PAYMENTS TO OTHERS-<br>EACH PERSON | 1,000 | INCL |

### Policy Forms and Endorsements

| | | | | |
|---|---|---|---|---|
| HO-3 | (06-91) | Homeowners 3 Special Form | | |
| HA-300 MS | (09-12) | Special Provisions | | |
| HO-828 | (12-02) | Limited Fungi, Other Microbes<br>or Not Remediation | | |
| | | Section I  - Property Coverage | $10,000 | |
| | | Section II - Aggregate Sublimit | $50,000 | |

| Total Premium | | $   3,028.00 |
|---|---|---|

### Your Premium Reflects the Following Credits or State Surcharges

| | |
|---|---|
| Security Credit | -213.00 |
| Loss Free Credit | -362.00 |

Continued on next page             Insured Copy                    Page 1 of 3
PL-8551 2-11    412/0HGB63  DECA* 16        007856/00753 F3116A-HV 8550 01/23/16

 EXHIBIT

1

**DEF.POLICY.001**

**Policy Deductible:** $ 1000.00 All perils insured against

In case of loss under section I, only that part of the loss over the stated deductible is covered.

| First Mortgagee | Second Mortgagee |
|---|---|
| MISSISSIPPI TELCO FEDERAL CU | COPIAH BANK N. A. |
| ISAOA | BYRAM OFFICE |
| P O BOX 97997 | P O BOX 720937 |
| PEARL            MS 39288 | BYRAM            MS 39272 |
| | LOAN NUMBER: 8002768 |

**Your Insurer:**   The Automobile Insurance Company of Hartford, Connecticut
One of The Travelers Property Casualty Companies
One Tower Square, Hartford, CT 06183

## For Your Information

For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.

You may be eligible for a policy in a newer product from another of our Travelers companies. How we determine the price for a policy is done differently for the newer product. For example, we may use new criteria or use the existing criteria, such as age of home or construction type, in a different manner. A new product policy might cost you less or more than what you now pay. It may also have different features than your current policy. You may continue with your current policy, or you may request a policy in the new program. We also offer many other ways to save on your premium. Travelers is here to help - so contact your agent or Travelers representative to discuss whether a different Travelers Homeowners insurance policy is right for you.

Coverage for your home has been increased by 1.7% to reflect the estimated cost to rebuild your home. This increase is an estimate based on information provided by Marshall & Swift/Boeckh, an independent firm specializing in construction and consumer costs. Your coverage amount may need to be adjusted, higher or lower, based on your home's specific construction details and updates made to your home. It is your responsibility to know and understand the amount of insurance you have purchased. If you believe the renewal coverage limit is not appropriate, please contact your insurance representative who has access to estimating tools that can help you decide the appropriate amount of insurance for your home and process any necessary adjustments.

Continued on next page

PL-8661 2-11   4120KG683  DSCS: 16

DEF.POLICY.002

Continuation
Declarations



## HOMEOWNERS POLICY

Named Insured: NIYA C. HOPKINS
Policy Number: 979341038 633 1
Policy Period: 03-14-16 To: 03-14-17
Effective Date: 03-14-16

### For Your Information (continued)

It is important that the information we used to rate your policy is correct. It is your responsibility to make sure that the information on these Declarations is accurate and complete, including checking that you are receiving all the discounts for which you are eligible. To see a full list of discounts offered, including discounts for having multiple policies with us, protecting your home with safety devices and being claim free, go to www.travelers.com/discounts. Once at the website, type in your policy number 9793410386331 and product code HLL to view the discounts available. If any of the information on the Declarations has changed, appears incorrect, or is missing, please advise your Travelers agent or representative immediately. Your Travelers agent or representative is also available to review the information on the Declarations with you.

This is not a bill. You will be billed separately for this transaction.

This policy includes an earthquake exclusion. Contact your agent for information concerning the availability of earthquake coverage.

This policy contains a flood exclusion. Flood coverage may be purchased separately from the National Flood Insurance Program, if available in your area.

Thank you for insuring with Travelers. We appreciate your business. If you have any questions about your insurance, please contact your agent or representative.

These declarations with policy provisions HO-3 (06-91) and any attached endorsements form your Homeowners Insurance Policy. Please keep them with your policy for future reference.

Insured Copy                                                    Page 3 of 3

PL-8451 2-91    412/GHO683    DECB: 16              00765S/00763 F3115AHW 5555 01/26/16

**DEF.POLICY.003**



**TRAVELERS**

The Automobile Insurance Company Of Hartford, Connecticut
P.O. Box 681746
Franklin, TN 37068-1746

04/15/2016

Niya C Hopkins
5852 Clubview Dr
Jackson MS 39211

| | |
|---|---|
| **Insured:** | Niya C Hopkins |
| **Claim Number:** | HXM7134 |
| **Policy Number:** | 0HG963-979341038-633-1 |
| **Date of Loss:** | 03/19/2016 |
| **Loss Location:** | 5852 Clubview Dr Jackson MS |

Dear Mrs. Hopkins,

I am following up on our recent conversation about your claim. As we discussed, after researching this claim, The Automobile Insurance Company Of Hartford, CT determined that your policy does not cover the damage to the pool walls and waterfall caused by water below the surface of the ground. The reasons for this determination are outlined below.

My investigation along with the investigation and inspection of Rimkus Consulting Group revealed when the pool was drained the deep end of the pool floated up approx. 2' due to the water below the surface of the ground and caused the damage to the pool walls and waterfall.

I have reviewed this claim and your policy and determined that the damages are not covered. Please see the below excerpts from your policy.

Please refer to your Homeowners Policy HO-3 (06/91), SECTION I – EXCLUSIONS states:

WE DO NOT COVER LOSS RESULTING DIRECTLY OR INDIRECTLY FROM:

3. WATER DAMAGE, MEANING:

a. FLOOD, SURFACE WATER, WAVES, WAVE WASH, TIDAL WATER, OVERFLOW OF A BODY OF WATER, OR SPRAY FROM ANY OF THESE, WHETHER OR NOT A RESULT OF PRECIPITATION; OR DRIVEN BY WIND;

b. WATER

  (1) WHICH BACKS UP THROUGH SEWERS AND DRAINS;
  (2) WHICH OVERFLOWS FROM A SUMP; OR

c. WATER BELOW THE SURFACE OF THE GROUND, INCLUDING WATER:

  (1) WHICH EXERTS PRESSURE ON, OR SEEPS OR LEAKS THROUGH A BUILDING, DRIVEWAY, ROADWAY, WALKWAY, PAVEMENT, FOUNDATION, SPA, HOT TUB, SWIMMING POOL OR OTHER STRUCTURE;

P0397



EXHIBIT
2

Based on the evidence from my investigation along with the investigation and inspection of Rimkus Consulting Group, it is determined that when the pool was drained the deep end of the pool floated up approx. 2' due to the water below the surface of the ground and caused the damage to the pool walls and waterfall. As mentioned above, damage caused by water below the surface of the ground is a listed exclusion above.

I must regretfully advise there is no payment forthcoming for this loss.   Should you have any additional information you would like to submit for further consideration, please feel free to do so at the address listed above, and I will gladly review.


This decision is based on the information and documentation we received during our research of this claim. If you are aware of any new or different information or documentation that might lead us to reconsider our decision, please contact me immediately.

Your policy may have other terms, conditions and exclusions that apply to this claim. We do not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.


Please review the Suit Against Us condition of your policy as it contains important information about the period of time in which you may bring legal action.

If you have any questions, please contact me at (601)572-6194 or MDEVEREA@travelers.com.

Sincerely,

Marcus Devereaux
Claim Professional
Direct: (601)572-6194
Office: (800)342-4064 Ext. 572-6194
Fax: (877)389-4684
Email: MDEVEREA@travelers.com


CC: Hub Int'l Gulf South

P0397



**TRAVELERS**

The Automobile Insurance Company Of Hartford, Connecticut
P.O. Box 681746
Franklin, TN 37068-1746

Hub Int'l Gulf South
PO Box 6006
Ridgeland MS 39158

MAILER 6/03

Case: 25CO1:19-cv-00910-LCS     Document #: 22-1     Filed: 05/21/2019     Page 20 of 34

Case: 25CO1:19-cv-00910-LCS     Document #: 2     Filed: 03/08/2019     Page 1 of 2

### IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE                              PLAINTIFF

VS                                                 CAUSE NO. ___19-910___

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN,
HUB INTERNATIONAL GULF SOUTH.                                       DEFENDANT

### COMPLAINT

Comes this way is NIYA HOPKINS – ARCHIE & DAVID L. ARCHIE to say unto this Court,

1. Niya Hopkins – Archie & David L. Archie live at 5852 Clubview Drive, Jackson Mississippi.

2. Travelers Insurance Co, has provided insurance coverage for the house since 2006.

3. Agent Barbara Brown never discussed then or now whether the pool was covered or how or weather additional coverage was available.

4. The residence was constructed in about 1977.

5. The house was purchased in about 2006.

6. The cleaning procedure was used trouble free  by David L. Archie for approximately ten years.

7. The pool rose hypothethetically caused by the manner suggested by the engineer.

8. The pool could have rose because of other causes.

9. The pool had a much lighter north wall than the other areas of the pool.

10. No one said that Mr. Archie should not continue cleaning his pool that way.

11. This was an acceptable way of cleaning the pool.

12. No one gave Mr. Archie instructions to not clean his pool in this way.

13. Since he did it this way for ten years, there was no reason to stop now.

14. The pool rose on March 19, 2016, it rained back on March 10 and March 11, 2016.

15. The pool was allowed to tear up the ground. Was there no coverage?

16. Why didn't someone come out and discuss the pool cleaning right before renewing the policy?

17. Why did no one come out to discuss any other alternate ways to clean the pool and do other things to the house?

18. Did you come to just make money on my overpriced insurance?

19. Why didn't some one tell me that if I cleaned my pool wrong, I would have no insurance?

20. Was there some other insurance which would take care of my pool if this same thing happened?


EXHIBIT
3

Case: 25CO1:19-cv-00910-LCS      Document #: 2      Filed: 03/08/2019      Page 2 of 2

21. We cannot go outside into the back yard because of how it looks.

**WHEREFORE, PREMISES CONSIDERED,** I request that you do award any money for the pool or

interest, attorneys fees, or Niya Hopkins – Archie & David L. Archie or punitive damages to be

determined at trial.

Respectfully submitted,

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi 39211

### CERTIFICATE OF SERVICE

I , Niya Hopkins – Archie & David L. Archie, do hereby certify that I have this day delivered a

true and correct copy of the foregoing COMPLAINT to the person(s) named below by any one of the

following methods: Mail, or in court.

Niya Hopkins – Archie & David L. Archie
5852 Clubview Drive
Jackson, Mississippi 39200-5950

TRAVELERS INSURANCE CO
P.O. BOX 681746
FRANKLIN, TH 37068

HUB INTERNATIONAL GULF SOUTH
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

BARBARA BROWN
300 Concourse Blvd – Suite 300
Ridgeland, MS 39157

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 105057
LAKISHA J. TATE
Commission Expires
July 10, 2022
RANKIN COUNTY



## Notice of Service of Process

SLM / ALL
Transmittal Number: 19496107
Date Processed: 03/14/2019

| | |
|---|---|
| Primary Contact: | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | The Travelers Indemnity Company<br>Entity ID Number  2317465 |
| Entity Served: | Travelers Insurance Company |
| Title of Action: | Niya Hopkins vs. Travelers Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Hinds County Court, MS |
| Case/Reference No: | 19-910 |
| Jurisdiction Served: | Connecticut |
| Date Served on CSC: | 03/13/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Travelers on 03/12/2019 |
| How Served: | Client Direct |
| Sender Information: | Niya Hopkins<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



Case: 25CO1:19-cv-00910-LCS   Document #: 14   Filed: 04/22/2019   Page 1 of 6

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE
AND DAVID ARCHIE                                    PLAINTIFFS

VS.                           CIVIL ACTION NUMBER:  19-910

TRAVELERS INSURANCE COMPANY,
BARBARA BROWN and                                  DEFENDANTS
HUB INTERNATIONAL GULF SOUTH

<u>AMENDED COMPLAINT</u>

COMES NOW, Plaintiffs, NIYA HOPKINS-ARCHIE and David
Archie, husband and wife, and files this their Amended Complaint
against each of the Defendants as follows, to-wit:

<u>PARTIES</u>

1.  Plaintiffs, Niya Hopkins-Archie and David Archie are
husband and wife and are adult resident citizens of the State of
Mississippi; their residence is located at 5852 Clubview Drive,
Jackson, Mississippi, which is located in the First Judicial
District of Hinds County, Mississippi.

2.  Travelers Insurance Company is a Nationwide Insurance
Company through the United States of America and does business
throughout the State of Mississippi, and has one of it's agent
and offices located at 300 Concourse Blvd. , Suite 300, Ridgeland,
Mississippi; that Travelers Insurance Company maintains their
Offices at P.O. Box 681746, Franklin, Tennessee 37068; and that
process of this Court may be served upon them pursuant to the



EXHIBIT
5

Laws of the State of Mississippi.

The Defendant, Barbara Brown, is an agent of Travelers Insurance Company, and that she is an adult resident citizen of the State of Mississippi; that service of process of this Court may be served upon Defendant, Barbara Brown by serving her at her place of employment located at 300 Concourse Blvd. Suite. 300, Ridgeland, Mississippi.

The Defendant, HUB INTERNATIONAL GULF SOUTH, is a commerical business doing business in the First Judicial District of Hinds County, Mississippi, and that service of process of this Court may be served upon this Defendant by serving the Defendant at 300 Concourse Blvd., Suite 300, Ridgeland, Mississippi.

### FACTS

3.   That the Plaintiffs, NIYA HOPKINS-ARCHIE and David Archie, are husband and wife, and that they purchased a home located at 5852 Clubview Drive, Jackson, Mississippi in 2006. That the house purchased by the Plaintiffs had a swimming pool at the time the house was purchased by the Plaintiffs.

4.   The Plaintiffs would show, that at the time of the purchase of their home at 5852 Clubview Drive, Jackson, Mississippi, they purchase a policy of home insurance from agent, Barbara Brown whose offices is located at 300 Concourse Blvd. Ridgeland, Mississippi; that the Defendant, Barbara Brown, provided the Plaintiffs

Niya Hopkins-Archie and David Archie with a policy of home
insurance provided by Travelers Insurance Company, Policy Number
No:        beginning in 2006 and continue to remain in effect
through the year 2019; and was in effect at the time the Plaintiffs
suffered damage to their property.

   5.   The Plaintiffs would show unto the Court, that on
or about March 19, 2016, the Plaintiff's swimming pool rose out
of the ground, and fell apart and is completely destroyed and can
not be repaired, and the only alternative is to have a new swimming
pool installed at the Plaintiff's home at 5852 Clubview Drive
Jackson, Mississippi, which is located in the First Judicial District
of Hinds County, Mississippi.

   6.   The Plaintiffs would show unto the Court, that he and
his wife contacted their insurance agent, Barbara Brown immediately
after March 19, 2016 and advised her of the damage to their property
and the damages to their swimming pool.

   7.   The Plaintiffs were advised by their agent, Barbara
Brown, to file a claim and that she would contact the Travelers
Insurance Company, and advise them of their loss.

   8.   THat thereafter, an agent of Travelers Insurance Company
contacted the Plaintiffs and made an investigation and took photos
of the damaged swimming pool; and advised the Plaintiffs that they
would get back in touch with them.

9.   Between March 19, 2016 and the present date, the Plaintiffs has made neumerous telephone calls to their agent Barbara Brown and Travelers Insurance Company concerning their replacement of their swimming pool and property damages.

10.   The Plaintiffs would show that both Barbara Brown and Travelers Insurance Company, has continually mis-informed and delayed in having the Plaintiff's claim for damages to their swimming pool repaired and or replaced. That they have delayed having their pool repaired or replace under the terms and provisions of their insurance policy.

11.   The Plaintiffs were thereafter on or about advised by the adjuster for Travelers Insurance Company, that they did not have insurance coverage on their swimming pool, and that the Travelers Insurance Company was not going to repair or replace the Plaintiffs swimming pool.

12.   Plaintiffs suffered damages to their property, including their loss incurred by the loss of the swimming pool, the loss of use of the swimming pool as well as the loss of use of their back yard. In addition, the Plaintiff's suffered damages as a result of having purchase home owner's insurance on thier home, paying the required premiums, and then being denied coverage by the insurance carrier.

13.   That as a direct and proximate result of Defendant's conduct and actions, Plaintiffs seek pecuniary damages, actual damages, damages for the insurance company and it's agents for having misled the Plaintiffs regarding their insurance coverage under their home insurance policy, together with actual damages in the amount of $50,000.

### DEMAND FOR RELIEF

14.   The Plaintiffs demands the following relief.

    a.   Trial by Jury.

    b.   Judgment for Plaintiffs against Defendants.

    c.   An award of compensatory damages

    d.   An award of actual damages.

    e.   An award of puntivie damages

    f.   An award of attorney fees and all cost of court, cost of expert witnesses.

    g.   Post-judgment interest.

    h   Such other and further relief as the Plaintiffs may be entitled to in the premises.

Respectfully submitted on this the 18 day of April, 2019.

NIYA HOPKINS-ARCHIE

DAVID ARCHIE

PRESENTED TO THE COURT BY:
DAVID ARCHIE & NYIA HOPKINS-ARCHIE
5852 Clubview Drive
Jackson, Mississippi  39211
Tel: 601-918-4353     PRO SE

## CERTIFICATE OF SERVICE

We, David Archie and Niya Hopkins-Archie  do hereby certify that we have this date caused to be delivered to each of the Defendants hereinafter shown a true and complete copy of the Plaintiff's Amended Complaint, by MEC and by sending the same by united State Mail, postage prepaid, as follows:

PETTIS, BARFIELD & HESTER, PA.
ATTORNEYS AT LAW
Attention: Lara Ashley Coleman
Post Office Box 16089
Jackson, Mississippi 39236-6089

COPELAND, COOK, TAYLOR AND BUSH, PA
ATTORNEYS AT LAW
Attention: Dale G. Russell & Blake D. Smith
Post Office Box 6020
Ridgeland, Mississippi 39158

Travelers Insurance Company
P.O. Box 681746
Franklin, Tn. 37068

HUB INTERNATIONAL GULF SOUTH
300 Concourse Blvd. Suite 300
Ridgeland, Mississippi 39157

BARBARA BROWN
300 Concourse Blvd. Suite 300
Ridgeland, Mississippi 39157.

SO certified on this 18 day of April, 2019.

DAVID ARCHIE & NIYA ARCHIE        DAVID ARCHIE & NIYA-HOPKINS ARCHIE
5852 Clubview Drive
Jackson, Mississippi
Tel: 601-918-4353
PRO SE

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ISHRAT ABDULLAH & ALHAM USMAN,

              Plaintiffs,

-against-

TRAVELERS INSURANCE COMPANY,

              Defendant.

Civil Action No. 13-CV-07825-LAK-DF

AFFIDAVIT OF ANN B. MULCAHY

STATE OF CONNECTICUT    :
                          : ss. Hartford
COUNTY OF HARTFORD    :

    ANN B. MULCAHY, of full age, being duly sworn according to law, upon her oath, deposes and says:

    1.    I am employed as Executive Counsel, Corporate Legal Services, with The Travelers Indemnity Company, which is an affiliate of The Automobile Insurance Company of Hartford, Connecticut ("AICHC"). I am also an Assistant Corporate Secretary of AICHC. In these capacities, I am fully and personally familiar with the facts contained herein and the documents attached hereto. I submit this Affidavit on behalf of AICHC in opposition to Plaintiffs' Motion to Remand and Plaintiffs' Motion for Rule 11 Sanctions.

    2.    I understand that this action arises from a claim for coverage under a first-party property insurance policy, Policy No. 982431139 632 1, that AICHC issued to Plaintiffs with an inception date of January 15, 2012 and an expiration date of January 15, 2013 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit "A".

    3.    I also understand that Plaintiffs' action, originally filed in state court in New York, was removed by AICHC to this federal court on November 4, 2013.



EXHIBIT
6

4.     At all relevant times, including on November 4, 2013, AICHC was an active Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut. Attached hereto as Exhibit "B" is a true copy of a Commercial Recording Division, Connecticut Secretary of State, status report for AICHC printed from the Internet on June 4, 2014, which confirms that AICHC is an active Connecticut corporation.

5.     AICHC is 100% owned by The Standard Fire Insurance Company ("Standard Fire"), a Connecticut corporation also with its principal place of business located at One Tower Square, Hartford, Connecticut.

6.     Standard Fire is 100% owned by Travelers Insurance Group Holdings Inc. ("TIGH"), a Delaware corporation also with its principal place of business located at One Tower Square, Hartford, Connecticut.

7.     TIGH is 100% owned by Travelers Property Casualty Corp. ("TPC"), a Connecticut corporation also with its principal place of business located at One Tower Square, Hartford, Connecticut.

8.     TPC is 100% owned by The Travelers Companies, Inc. ("TCI"), a Minnesota corporation with its principal place of business at 485 Lexington Avenue, New York, New York.

9.     Attached hereto as Exhibit "C" is Exhibit 21.1 to TCI's 2013 Form 10K filed with the United States Securities and Exchange Commission. This exhibit identifies the more than 80 separately incorporated subsidiaries of TCI and the state or other jurisdiction of incorporation of each of the entities, including AICHC. The document also confirms the corporate hierarchy described above. There is no subsidiary of TCI known as "Travelers Insurance Company". "Travelers Insurance Company", the defendant named in the captioned matter, does not currently

exist as a subsidiary of TCI and did not exist as a subsidiary of TCI at the time that AICHC removed the referenced case to this Court on November 4, 2013.

10.    AICHC maintains its principal place of business at One Tower Square, Hartford, Connecticut, and did so on November 4, 2013.  One Tower Square consists of a complex of numerous connected offices and buildings, including the iconic Travelers Tower, where approximately 4,300 employees, including high-level executives and managers, conduct business on behalf AICHC.  One Tower Square in Hartford, Connecticut is the place where the corporate decision-making occurs and where AICHC's Chairman of the Board, Vice-Chairman and Chief Legal Officer, Chief Executive Officer and Executive Vice President of Claims govern and control its corporate affairs, including all corporate policy decisions.  AICHC's corporate records are also maintained in Hartford, Connecticut.

11.    AICHC is a member of TCI's corporate family.  As such, it uses a Travelers design mark which, here, consists of the word "Travelers" to the left of the umbrella logo, in correspondence, policies and other documents.  The Travelers design mark is just that, a design mark.  It is not a corporate or legal entity and it did not issue the Policy.  As noted above, the Policy identified AICHC as the insuring company.  In addition, the claim denial letter (attached hereto as Exhibit "D") stated in the reference line that the insuring company was AICHC and in the body of the letter that Plaintiffs had a limited period of time to file suit against AICHC with regard to the coverage denial.

12.    I have reviewed Plaintiffs' written submission in support of their Motion to Remand, including their statement that AICHC "is a sham front for Travelers".  In reality, AICHC, along with each of the multiple other separate and distinct underwriting entities within TCI's corporate family, is independently authorized and approved in various states to write

3

certain types of insurance (for example, AICHC is authorized by the Department of Financial Services of the State of New York to write lines of business such as accident and health, fire, miscellaneous property, water damage, burglary and theft, glass, boiler and machinery, elevator, collision, personal injury liability, property damage liability, workers' compensation and employers' liability, fidelity and surety, credit, motor vehicle and aircraft physical damage, marine and inland marine, marine protection and indemnity and residual value insurance, while its affiliate, The Travelers Indemnity Company, is authorized by the Department of Financial Services of the State of New York to write, among others, the following lines of business: accident and health, fire, miscellaneous property, water damage, burglary and theft, glass, boiler and machinery, elevator, animal, collision, personal injury liability, property damage liability, workers' compensation and employers' liability, fidelity and surety, credit, motor vehicle and aircraft physical damage, marine and inland marine, marine protection and indemnity, residual value, service contract reimbursement, legal services and gap insurance).   The underwriting companies are separate and distinct legal entities.  In that regard, AICHC observes its own corporate formalities with respect to, among other things, the election of directors and keeping of its corporate records.  AICHC is not a "sham front for Travelers" as argued by Plaintiffs in their moving submission.

13.    TCI, a holding company, had no involvement in the issuance of the Policy or in the review and ultimate denial of Plaintiffs' insurance claim.

*Ann B. Mulcahy*
ANN B. MULCAHY

Sworn and subscribed to before me
this 5th day of June, 2014

*Linda M. Kolios*
Notary Public

LINDA M. KOLIOS
Notary Public
My Commission Expires April 30, 2018

4



# DELBERT HOSEMANN
### Secretary of State

This is not an official certificate of good standing.

### Name History

| Name | Name Type |
|---|---|
| Hub International Midwest Limited | Legal |
| HUB INTERNATIONAL OF INDIANA LIMITED | Previous Legal |
| Hub International Gulf South | Fictitious Name |
| Fox Everett | Fictitious Name |
| Hub International Carolinas | Fictitious Name |

### Business Information

| | |
|---|---|
| Business Type: | Profit Corporation |
| Business ID: | 743587 |
| Status: | Good Standing |
| Effective Date: | 12/23/2003 |
| State of Incorporation: | IN |
| Principal Office Address: | 55 East Jackson Blvd., Floor 14A Chicago, IL 60604 |

### Registered Agent

**Name**

CORPORATION SERVICE COMPANY
7716 Old Canton Rd, Suite C
Madison, MS 39110

### Officers & Directors

| Name | Title |
|---|---|
| NEIL HUGHES<br>55 E JACKSON BLVD, FLOOR 14A<br>CHICAGO, IL 60604 | President |
| Julie Hutchinson<br>300 N. LASALLE | Assistant Secretary, Vice President |



EXHIBIT

7

STREET, 17TH FLOOR
CHICAGO, IL 60654

JOHN M ALBRIGHT
300 N. LASALLE
STREET, 17TH FLOOR        Director, Secretary, Vice President
CHICAGO, IL 60654

MICHAEL A GALLANIS
300 N. LASALLE
STREET, 17TH FLOOR        Treasurer
CHICAGO, IL 60654

MARTIN P HUGHES
300 N. LASALLE
STREET, 17TH FLOOR        Director
CHICAGO, IL 60654

KENNETH S DEVRIES
300 N. LASALLE
STREET, 17TH FLOOR        Director
CHICAGO, IL 60654

IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

NIYA HOPKINS-ARCHIE
AND DAVID ARCHIE                                    PLAINTIFFS

VS.                                    CIVIL ACTION NUMBER: 19-910

TRAVELERS INSURANCE COMPANY
BARBARA BROWN and                                  DEFENDANTS
HUB INTERNATIONAL GULF SOUTH

NOTICE OF HEARING

PLEASE TAKE NOTICE, that the Court has set a hearing
before the Court on the Plaintiff's Motion To Amend his Complaint
pursuant to Rule 15 M.R.C.P., and on the Defendant's Motion To
Remove this cause of action to the United States District Court
for the Southern District of Mississippi. Neither of these Motion
has heretofore been heard before this Court. The hearing is set
for the 20th day of June , 2019 at 9:00 .a.m. at the Hinds
County Courthouse at Jackson, Mississippi before Honorable LaRita
Cooper Stokes.

Respectfully submitted on this 13 day of June, 2019.

DAVID ARCHIE & NIYA ARCHIE

DAVID & NIYA HOPKINS-ARCHIE
5852 Clubview Drive
Jackson, Mississippi 39211-3239

## CERTIFICATE OF SERVICE

I, David Archie, do hereby certify, that I have this day caused to be delivered to counsel for Defendants a true and correct copy of the Notice of Hearing via electronic filing M.E.C. and by sending a true and correct copy of the same via United States Mail, postage prepaid to the following:

COPELAND, COOK & TAYLOR
ATTORNEYS AT LAW
Honorable Blake D. Smith
P.O. Box 6020
Ridgeland, Miss. 39157

HUB INTERNATIONAL GULF
300 Concourse Blvd. Suite 300
Ridgeland, Mississippi 39157

BARBARA BROWN
300 Concourse Blvd. St. 300
Ridgeland, Mississippi 39157

PETTIS, BARFIELD & HESTER
ATTORNEYS AT LAW
ATTN: Lara Ashley Coleman
P.O. Box 16089
Jackson, Mississippi 39236=6089

COPELAND COOK & TAYLOR
ATTORNEYS AT LAW
Hon. Dale G. Russell
P.O. Box 6020
Ridgeland, Miss. 39157

PETTIS, BARFIELD & HEASTER
ATTORNEYS AT LAW
Hon. Jason E. Dare
Post Office Box 16089
Jackson, Mississippi 39236

So certified on this the 13 day of June, 2019.

DAVID ARCHIE & NIYA HOPKIN ARCHIE

DAVID ARCHIE &
NIYA HOPKIN ARCHIE
5862 Clubview Drive
Jackson, Mississippi 39211

PRO SE