```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION
```

NIYA HOPKINS-ARCHIE AND                                    PLAINTIFFS
DAVID L. ARCHIE

VS.                                     CIVIL ACTION NO. 3:19CV351TSL-RHW

THE TRAVELERS INSURANCE COMPANY,                           DEFENDANTS
BARBARA BROWN AND HUB INTERNATIONAL
GULF SOUTH

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiffs Niya Hopkins-Archie and David L. Archie have filed in this cause a motion to remand and a separate motion to amend their complaint. Defendant The Automobile Insurance Company of Hartford, Connecticut[1] (AICHC) has responded in opposition to both motions. In addition, defendant Barbara Brown has moved to dismiss pursuant to Rule 12(b)(6); plaintiffs have not responded to that motion. The court, having considered the parties' memoranda of authorities, concludes that plaintiffs' motion to remand is not well-taken and should be denied; that their putative claim(s) against Barbara Brown should be dismissed; and that their motion to amend should be denied.

Plaintiffs filed their original complaint in the County Court of Hinds County, Mississippi, on March 8, 2019 against AICHC, Barbara Brown and HUB International Gulf South demanding compensatory and punitive damages relating to the denial of a

---

[1] According to defendant, plaintiffs have improperly designated it as "Travelers Insurance Company."

claim under their homeowners' insurance policy for damage to their swimming pool and the surrounding area caused when the pool "rose up" and "[tore] up the ground" in their backyard. On April 22, 2019, shortly after Brown moved to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, plaintiffs filed a motion for leave to amend their complaint. They contemporaneously filed an amended complaint, notwithstanding that they had not obtained leave of court to do so, as required by Mississippi Rule of Civil Procedure 15(a).

Whereas plaintiffs' original complaint did not specify an amount of damages they sought to recover,[2] in their proposed amended complaint, plaintiffs demanded actual damages of $50,000, plus an award of attorney's fees and punitive damages. On May 21, 2019, AICHC removed the case to this court, asserting that the requirements for federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 are both met, as (1) the citizenship of Barbara Brown, the only non-diverse defendant, should be disregarded as she has been fraudulently joined,[3] and

---

[2] In their original complaint, plaintiffs demanded "any money for the pool or interest, attorneys fees, . . . or punitive damages to be proved at trial."

[3] Plaintiffs are citizens of Mississippi, as is Barbara Brown. AICHC is a Connecticut corporation. And while plaintiffs' complaint does not identify any basis for having sued HUB International Gulf South and there is no indication that HUB International Gulf South has been served with process, AICHC has presented evidence, unchallenged by plaintiffs, that HUB International Gulf South is a citizen of Indiana, and of either

2

(2) the amount in controversy exceeds $75,000, as evidenced by plaintiffs' damages demand in their proposed amended complaint. See 28 U.S.C. § 1332 (district court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states....").

Plaintiffs have now moved to remand, and additionally, have moved to amend. In their motion to remand, plaintiffs assert that had they been allowed to file their amended complaint in state court, "their claim for damages in their proposed Amended Complaint would be for less than $70,000", yet they were denied the right to file their amended complaint in state court on account of AICHC's having removed the case to this court. They further point out that Barbara Brown is a citizen of Mississippi, but they do not address AICHC's fraudulent joinder argument.

As the removing party, AICHC bears the burden of showing that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). In the court's opinion, AICHC has met that burden.

Regarding the amount in controversy, where plaintiffs have demanded a specific amount of damages in their complaint, that amount "is itself dispositive of jurisdiction if the claim is apparently made in good faith." Scarlott v. Nissan N. Am., Inc.,

---

Illinois or Oklahoma.

771 F.3d 883, 888 (5th Cir. 2014) (quotation omitted). On the other hand, when a plaintiff's does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638–39 (5th Cir. 2003) (citation omitted).

> This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." [Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)]. If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." Id.

Garcia, 351 F.3d at 369. Plaintiffs' complaint does not allege a specific amount of damages and it is not otherwise facially apparent from the complaint that the amount in controversy exceeds $75,000. However, AICHC argues that in light of the demand in plaintiffs' proposed amended complaint for $50,000 in actual damages *plus* punitive damages *and* attorney's fees, it is evident that the amount in controversy exceeds $75,000. For their part, plaintiffs assert that their proposed amended complaint cannot be used to establish the amount in controversy because it was never made an "official complaint" as AICHC removed the case before the state court ruled on their motion to amend. They contend, though, that even the amended complaint does not disclose an amount in controversy in excess of $75,000, since it only demands actual

4

damages of $25,000 and an unspecified amount of punitive damages. Plaintiffs are incorrect on both points.

Based on plaintiffs' proposed amended complaint, which seeks actual damages, not of $25,000 but of $50,000, together with additional albeit unspecified amounts for punitive damages and attorney's fees, the amount in controversy is likely above $75,000. Of course, in determining the amount in controversy, the operative complaint is the original complaint, not the proposed amended complaint, as the state court never ruled on the motion to amend and hence did not authorize the filing of the proposed amended complaint. The proposed amended complaint is nonetheless evidence that may properly be considered in determining the amount in controversy. Plaintiffs' argument to the contrary is not well-founded.

In this regard, the court acknowledges that "[w]hen an original complaint does not state a federal claim but a plaintiff moves to amend the complaint in such a way that would then allow for removal, there is no basis for removal until the motion to amend is granted." White v. Alfa Agency, Inc., No. 414CV00171DMBJMV, 2016 WL 54683, at *2 (N.D. Miss. Jan. 5, 2016). This is not such a case. It is true that prior to plaintiffs' filing their motion to amend and submitting their proposed amended complaint, it was unclear whether the amount in controversy exceeded the $75,000 threshold for federal diversity jurisdiction.

5

However, their motion to amend did not *create* a basis for federal jurisdiction but rather illuminated the existing basis for federal jurisdiction by disclosing plaintiffs' intention to seek damages that likely exceed $75,000.  In this same scenario, the district court in Hill v. Allianz Life Insurance Company of North America, 51 F. Supp. 3d 1277 (M.D. Fla. 2014), acknowledged that "[i]n a circumstance where a state court is required to act in order to potentially establish the jurisdictional prerequisites of federal court jurisdiction, a notice of removal filed prior to the granting of a motion to amend would be premature."  Id. at 1280.  The court held, though, that the defendant "did not ... file prematurely in this case because no action was required by the State court for § 1332 diversity jurisdiction to exist."  Id. at 1280-81.  The court explained;

> The amount in controversy is not controlled by the court, it is controlled by Plaintiff's claims. Plaintiff stated in his Motion to Amend and proposed First Amended Civil Complaint that he now intends to seek damages in excess of $75,000.  Plaintiff's "ability and intention to seek that amount of damages is not affected by the state court's disposition of the Motion to Amend." [White v. State Farm Mut. Auto. Ins. Co., No. 3:13–cv–765–J–99TJC–PDB, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013)]; see also Donnelly v. City of Parkland, No. 12–60015–Civ, 2012 WL 253212, at *1 (S.D. Fla. Jan. 26, 2012) ("[A] defendant may learn of a plaintiff's intention to seek damages in excess of $75,000 through a proposed amended complaint, and the case may become removable before the state court rules on the motion for leave to file the proposed amended complaint.").

Hill, 51 F. Supp. 3d at 1281.[4]  The court thus concludes that AICHC has satisfied its burden to show that the amount in controversy exceeds $75,000.

In the court's opinion, AICHC has also shown that Barbara Brown has been fraudulently joined.  In determining whether there is diversity of citizenship, the court will disregard the citizenship of a defendant who has been fraudulently joined.[5]  To determine whether a resident defendant is fraudulently joined, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" and "[i]f no reasonable basis of recovery exists, a conclusion can

---

[4]  In White v. Alfa Agency, Inc., No. 414CV00171DMBJMV, 2016 WL 54683 (N.D. Miss. Jan. 5, 2016), the defendant insurers removed the case because the plaintiff's proposed amended complaint included a claim for an unspecified amount of punitive damages, in addition to damages for breach of contract.  The court found that the removal was premature because the original complaint sought damages that would not have exceeded $50,000, and the proposed amended complaint and the plaintiff's motion for leave to file the proposed amended complaint was never granted and the amended complaint was never filed prior to removal.  Id. White is clearly distinguishable from the case at bar.

[5]  Although plaintiffs purport to have named John Doe defendants who are citizens of Mississippi, the court does not consider the citizenship of John Doe defendants in determining removal jurisdiction.  See 28 U.S.C. § 1441(b)("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). As to Brown, plaintiffs' original complaint alleges only that "Agent Barbara Brown never discussed then or now whether the pool was covered or how or whether additional coverage was available." This is patently insufficient to state a claim against her and thus does not provide a basis upon which the court could predict a recovery against Brown. Their proposed amended complaint – though not the operative complaint – likewise does not state a cognizable claim against her. It recites only that Brown advised plaintiffs to file a claim for the damage caused by their pool and that she and AICHC have "continually mis-informed and delayed in having the Plaintiff's [sic] claim for damages to their swimming pool repaired or replace [sic] under the terms and provisions of their insurance policy." It contains no allegations that would create a legal duty to plaintiffs which is alleged to have been breached by Brown and does not set forth any causes of action against her. Accordingly, plaintiffs' putative claim against Brown will be dismissed and their motion to remand will be denied.

Contemporaneously with the filing of their motion to remand, plaintiffs also filed a motion to amend. They have recently filed

a second motion to amend.  However, plaintiffs did not file a copy of a proposed amended complaint with either motion as required by Local Rule 15 and for that reason, both motions to amend will be denied.[6]

Based on the foregoing, it is ordered that plaintiffs' motion to remand and motion to amend are denied, and Brown's motion to dismiss is granted.[7]

SO ORDERED this 29th day of July, 2019.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[6]Local Rule 15 states:
If leave of court is required under Fed. R. Civ.P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading, and, if the motion is granted, the movant must file the amended pleading as a separately docketed item within seven (7) days from entry of the order granting the motion.

[7] Plaintiffs filed a document which they identified as a response to the magistrate judge's order staying proceedings pending the court's ruling on the motion to remand.  In substance, however, this is more a rebuttal in support of their motion to remand.  Defendants have moved to strike this "response" by plaintiff.  The court will deny that motion as moot.