UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NIYA HOPKINS-ARCHIE & DAVID L. ARCHIE,**
**Plaintiffs;**                                                                 Civil Action No.

**V.**                                                                                    3:19-CV-00351-TSL-RHW

**THE TRAVELERS INSURANCE COMPANY,**
**Defendant.**

## FIRST AMENDED COMPLAINT

   Niya Hopkins Archie and David Archie in their First Amended Complaint, respectfully represents:

### PARTIES

1. Niya Hopkins-Archie, Plaintiff, a person of full age and majority is a resident and domiciliary of Hinds County Mississippi

2. David Archie, Plaintiff, a person of full age and majority is a resident and domiciliary of Hinds County, Mississippi.

3. The Automobile Insurance Company of Hartford, Connecticut, Defendant, is a foreign corporation doing business within Hinds County, Mississippi.

### JURISDICTION AND VENUE

4. This is a civil action seeking an amount of monetary damages to be determined by a jury to adequately compensate Plaintiffs for their losses. This suit is between adult

residents of Hinds County, Mississippi and a corporation licensed to do business in Mississippi.

5. There is complete diversity of citizenship in this suit pursuant 28 USC 1332.

6. This suit was removed from state court and the amount in controversy is still being determined. Notwithstanding, currently this court has proper jurisdiction and is the appropriate venue

## COMMON FACTS ALLEGED IN SUPPORT OF ALL CAUSES OF ACTION

7. Plaintiffs reside at a home located at 5852 Clubview Drive, Jackson, MS.

8. AICHC, doing business as Traveler's Insurance, has continuously insured the home since 2006.

9. At all relevant times, Plaintiff promptly paid their premiums and abided by all other requirements of the Insurance policy and declarations.

10. This home was constructed in 1977 and purchased by Plaintiff's in 2006. The home had an inground pool which was fully functional and in use up until March 19, 2016.

11. John Catchings of JC Pools, LLC installed the pool at the referenced address.

12. On March 19, 2016, after cleaning the pool, the pool rose from the ground

13. The pool occupied a majority of the backyard and as a result of the pool rising the entire backyard is in disrepair.

14. Plaintiff's promptly filed an insurance claim with Defendants. To date Defendants have issued no conditional payments or other payments for the repair of the pool.

15. Plaintiff's insurance claim properly put Defendants on notice that they had suffered a loss and with specificity provided information regarding the nature of this loss.

16. Due to the unwillingness of AICHC to abide by the terms of the insurance policy, Plaintiff's pool remains above ground in a state of disrepair.

17. Defendant has failed to properly investigate Plaintiff's claim and negotiate in good faith to settle its insureds' claims.  AICHC has engaged in a pattern and course of conduct in bad faith in denying this claim.

18. Plaintiff's file the current action to receive money damages to repair their pool.

19. By accepting premium payments but failing to pay a valid claim upon demand under the terms of the insurance policy, AICHC's policy of insurance with Plaintiffs is merely illusory, offering no actual protection or indemnity for its insured.

## CAUSES OF ACTION

COUNT 1:  BREACH OF CONTRACT BY AICHC

20. The allegations of paragraph 1-19 are repeated an incorporated in this Count as though fully copied herein.

21. The above and foregoing actions of Defendant gives rise to a cause of Action for breach of contract as Plaintiffs covered under the policy of insurance at issue in this suit and Defendant breached the terms of said policy in refusing to timely pay the valid insurance claim.

22. Defendant's material breach of the contract as listed above, resulted in damage to Plaintiff, depriving them of the benefit of the bargain and further making AICHC liable for all damages flowing from and related to said breach.

COUNT 2: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

23. The allegations of paragraph 1-22 are repeated an incorporated in this Count as though fully copied herein.

24. Defendant AICHC had no arguable basis to deny Plaintiffs' compensation for their damaged pool and has withheld proceeds due under the contract of insurance, all in breach of its contract of insurance with Plaintiffs.

25. The State of Mississippi recognizes a duty of good faith and fair dealing with respect to contractual relationships.  Defendant's conduct as aforesaid breaches said duty and gives rise to the tort of bad faith for the tortious breach of contract and the duty of good faith and fair dealing.  Said actions rise to the level of the independent tort of bad faith.

## DAMAGES

26. The allegations of paragraph 1-25 are repeated an incorporated in this paragraphs as though fully copied herein.

27. As a result of the act(s) and/or omission(s) of Defendant in this case, Plaintiff has suffered the following damages, including but not limited to:

    a. Contractual damages;

    b. Incidental damages;

    c. Consequential damages;

    d. Prejudgment interest;

    e. Post judgment interest;

    f. Attorney's fees and costs;

    g. All other damages which have accrued or may accrue during the course of this litigation; and

h.  All other measures of damages shown at trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Niya Hopkins Archie and David Archie demands compensatory damages as set forth herein above, against AICHC in the amount to be determined by the jury, which includes all attorney's fees and costs.

**RESPECTFULLY SUBMITTED**, this the 10th day of January 2020.

Respectfully submitted,

/s/  John S. Williams
JOHN S. WILLIAMS, Esq. (T.A.)
Louisiana Bar No. 32240
The Law Offices of John S. Williams
4164 Canal Street
New Orleans, LA 70119
jwilliams@jswlawoffices.com
(504) 486-0300 ofc
(504) 754-7671 fax

## CERTIFICATE OF SERVICE

I hereby certify that on 10th day of January 2020, I served the foregoing document via electronic mail and United States Postal Service.  Said document is being served on counsel for all parties.

Respectfully submitted,

/s/  John S. Williams
JOHN S. WILLIAMS, Esq. (T.A.)
Louisiana Bar No. 32240
The Law Offices of John S. Williams
4164 Canal Street
New Orleans, LA 70119
jwilliams@jswlawoffices.com
(504) 486-0300 ofc
(504) 754-7671 fax